James H. Murtha, Respondent, *v.* New York Homeo-
pathic Medical College and Flower Hospital,
Appellant.

**Torts — state of New York and civil divisions thereof not
liable for torts of their agents and contractors unless liability
has been assumed — hospital — when hospital corporation not
released from liability for negligence in its ambulance service
because it was furnishing such service to city of New York.**

1. The state is not liable for the torts of its agents and  contractors
unless such liability has been assumed.   The exemption has been
extended to the civil divisions of the state, its counties, cities, towns
and villages (Const. art. XII, § 1), when engaged, as the delegates of
the state, in the discharge of governmental functions.

2. The fact that the legislature had created for the city of New York
a board of ambulance service, with authority to establish ambulance
districts, and contract with any hospital corporation for ambulance
service therein (Greater N. Y. Charter, § 693a; L. 1909, ch. 395), does
not relieve a hospital corporation, which undertook to supply such
service in return for a yearly payment and was fulfilling its under-
taking at the time of a collision, from liability on the ground that it is
doing the state's work, and that it shares the state's immunity.   (*Cor-
bett* v. *St. Vincent's Industrial School of Utica,* 177 N. Y. 16, limited.)

*Murtha* v. *N. Y. Homeopathic Medical College & Flower Hospital,*
183 App. Div. 886, affirmed.

(Argued January 28, 1920; decided February 24, 1920.)

Appeal from a judgment of the Appellate Division of
the Supreme Court in the first judicial department,
entered March 8, 1918, affirming a judgment in favor of
plaintiff entered upon a verdict directed by the court.
The nature of the action and the facts, so far as
material, are stated in the opinion.

*Frank Verner Johnson* and *Amos H. Stephens* for appel-
lant.   An agency of the state in the performance of its
governmental functions shares with it immunity from the
doctrine of *respondeat superior.*   (*Maxmilian* v. *Mayor,
etc.,* 62 N. Y. 160; *Hughes* v. *County of Monroe,* 147 N. Y.

49, 57; *Woodhull* v. *Mayor, etc.*, 150 N. Y. 450; *Lefrois* v. *County of Monroe*, 162 N. Y. 563; *Corbett* v. *St. Vincent's Industrial School*, 177 N. Y. 16; *Wilcox* v. *City of Rochester*, 190 N. Y. 137; *Noble* v. *Hahnemann Hospital*, 112 App. Div. 663; *Gaetjens* v. *City of New York*, 132 App. Div. 395; *Peaty* v. *City of New York*, 33 Misc. Rep. 231; *Fire Ins. Patrol* v. *Boyd*, 120 Penn. St. 624; *Benton* v. *Trustees of Boston City Hospital*, 140 Mass. 13.) The defendant herein was merely the agency through which the city, on behalf of the state, was performing one of its governmental duties on the occasion in question. (L. 1909, ch. 395, § 693a; Cons. Laws, ch. 24, §§ 87, 122; L. 1901, ch. 466, § 230, subds. 9, 24; *Powers* v. *Mass. H. Hospital*, 109 Fed. Rep. 294; *Bruce* v. *Central M. E. Church*, 147 Mich. 230; *Hordern* v. *Salvation Army*, 199 N. Y. 233; *Schloendorff* v. *N. Y. Hospital*, 211 N. Y. 129.)

*Martin Conboy* and *Edwin N. Moore* for respondent. The ambulance driver was not in the service either of the city of New York or of the board of ambulance service, but in that of the defendant, Flower Hospital. (*Van Ingen* v. *Jewish Hospital*, 99 Misc. Rep. 655; 182 App. Div. 10.) A hospital corporation is, to a stranger to the charity, liable to respond in damages for the torts of its employees to the same extent as is any other corporation. The mere fact that its funds are earmarked for charity does not constitute them a trust fund not subject to be drawn on in satisfaction of judgments in tort. (*Kellogg* v. *Church Charities Foundation*, 128 App. Div. 214; 203 N. Y. 191, 194; *Schloendorff* v. *New York Hospital*, 211 N. Y. 125; *Hordern* v. *Salvation Army*, 199 N. Y. 233.) For the torts of its ambulance driver the maxim *respondeat superior* applies to the defendant, which, for hire and while exercising full control over its servants, was doing the work of the sovereign power. (*Van Ingen* v. *Jewish Hospital*, 99 Misc. Rep. 655; 182 App. Div. 12; *O'Connell* v. *M. & P. D. Tel. Co.*, 167 Ky. 468; *Green* v. *Eden*, 24 Ind. App. 583.)

Cardozo, J.   The plaintiff, while riding in a taxicab, was run down and injured by the defendant's ambulance. The legislature has created for the city of New York a board of ambulance service, with authority to establish ambulance districts, and contract with any hospital corporation for ambulance service therein (Greater N. Y. Charter, § 693a; L. 1909, ch. 395). The defendant, a hospital corporation, undertook to supply such service in return for a yearly payment, and was fulfilling its undertaking at the time of the collision. It admits that its driver was negligent, and that the plaintiff was blameless, but it couples the admission with the prayer that it be absolved from liability. The claim of exemption does not rest upon its character as a public charity. The rule is now settled that a hospital, though public, is " liable to strangers, *i. e.*, to persons other than patients, for the torts of its employees within the line of their employment " (*Schloendorff* v. *N. Y. Hospital*, 211 N. Y. 125, 129). The claim put forward by the defendant is that it is doing the state's work, and that it shares the state's immunity.

We find the claim untenable. The state is not liable for the torts of its agents and contractors unless such liability has been assumed (*Smith* v. *State of N. Y.*, 227 N. Y. 405). The exemption has been extended to the civil divisions of the state, its counties, cities, towns and villages (Const. art. XII, § 1), when engaged, as the delegates of the state, in the discharge of governmental functions (*Maxmilian* v. *Mayor, etc., of N. Y.*, 62 N. Y. 160; *Hughes* v. *County of Monroe*, 147 N. Y. 49; *Wilcox* v. *City of Rochester*, 190 N. Y. 137). But agents and contractors, though unable to impose liability in such circumstances on the state or its divisions, remain liable themselves, and this whether they act in person, or by sub-agents or servants (*Konner* v. *State of N. Y.*, 227 N. Y. 478). The defendant is neither the state nor a civil division of the state. Its position is the same as that of any other contractor. If the keeper of a livery stable or of a motor garage had undertaken a

like service, there would be little obscurity about the resulting. liability. Not different is the plight of the hospital whose servants by their negligence have worked an injury to strangers. Liability does not rest on the circumstance that the hospital in this instance was serving for pay. One traveler run down through the negligence of another is not concerned to inquire whether the offender has gone forth on the highway for the love of man or of money. The defendant, were it not for the acceptance of the money, might have declined without wrong to enter on the work at all. That is not important now. It set its hand to the task, and must answer for the doing.

We did not hold to the contrary in *Corbett* v. *St. Vincent's Industrial School of Utica* (177 N. Y. 16). That case is to be limited to its special facts. Much that was said in the opinion about the immunity of the agencies of the state was unnecessary to the decision. An inmate of a reformatory, confined there under a sentence of a court, sued the reformatory, which was a charitable institution, for negligence in failing to instruct him adequately in the use of dangerous machinery. The action was based on the assumption that the relation between reformatory and inmate was that of master and servant, or something similar thereto. We held that the two relations were diverse, and that diverse also were the attendant duties. What duty the institution owed to strangers as opposed to inmates, there was no occasion to consider. The law on that. subject has been clarified by later rulings (*Hordern* v. *Salvation Army*, 199 N. Y. 233; *Kellogg* v. *Church Charity Foundation of L. I.*, 203 N. Y. 191; *Schloendorff* v. *N. Y. Hospital, supra*).

The judgment should be affirmed with costs.

HISCOCK, Ch. J., CHASE, COLLIN, POUND, CRANE and ANDREWS, JJ., concur.

Judgment affirmed. ´