BENSON v. STATE HOSPITAL COMMISSION.

1. STATES—CLAIMS AGAINST STATE—COURT OF CLAIMS—CONSENT TO BE SUED.

By enacting the court of claims act the State, through the legislature, consented that the State and its departments, commissions, boards, institutions, arms and agencies might be sued in the court of claims on claims and demands, liquidated and unliquidated, *ex contractu* and *ex delicto* (Act No. 135, § 8, Pub. Acts 1939).

2. SAME—SOVEREIGN IMMUNITY—WAIVER—STATUTES.

The doctrine of sovereign immunity exists under the common law of the State and may not be held to have been waived

or abrogated except that the result has been accomplished by an express statutory enactment or by necessary inference from a statute.

3. SAME—AUTHORITY TO WAIVE DEFENSE OF SOVEREIGN IMMUNITY.
   The authority to waive defense of sovereign immunity is in the legislature and until there is legislative action authorizing an officer or agent of the State to waive such defense, it may not be done by any officer or agent.

4. CONSTITUTIONAL LAW—PRESUMPTIONS—STATUTES.
   Acts of a State legislature are to be presumed constitutional until the contrary is shown and it is only when they manifestly infringe some provision of the Constitution that they can be declared void for that reason.

5. SAME—PRESUMPTIONS—STATUTES—COURTS.
   In case of doubt, every possible presumption, not clearly inconsistent with the language and the subject matter, is to be made in favor of the constitutionality of the act as the power to declare laws unconstitutional should be exercised with extreme caution.

6. STATES—CLAIMS AGAINST STATE FOR TORTS OF EMPLOYEES—COURT OF CLAIMS—JURISDICTION.
   The court of claims had jurisdiction of an action against the State based on a claim for damages inflicted upon the cottages belonging to plaintiff's assignors by inmates of the State home and training school who had repeatedly escaped because persons charged with their detention had not taken the necessary precautions to prevent such escapes and damage (Act No. 135, § 24, Pub. Acts 1939, as amended by Act No. 137, Pub. Acts 1941, and Act No. 237, Pub. Acts 1943).

7. COURTS—JURISDICTION—DEFENSES INTERPOSED.
   A court which has jurisdiction over a particular class of cases, by virtue of the powers and duties so imposed, necessarily has power to consider, and determine, whether a defense interposed is a bar to the action.

8. SAME—COURT OF CLAIMS—STATES—DEFENSE OF GOVERNMENTAL FUNCTION—STATUTES—AMENDMENT—TITLE OF ACT.
   Court of claims, empowered to hear and determine claims against the State, has the power to determine applicability of defense of governmental function, when interposed, hence, statute amending court of claims act in waiving such defense except in certain cases did not thereby add a provision without the title of the court of claims act (Act No. 135, § 24, Pub. Acts 1939, as amended by Act No. 237, Pub. Acts 1943).

9. STATUTES—TITLE OF ACT—AMENDMENT—CONSTITUTIONAL LAW.
   If an amendment to a statute might have been incorporated in
   the original act under the original title, it is not in violation
   of the provision of the Constitution requiring the object of
   the enactment to be single and expressed in its title (Const.
   1908, art. 5, § 21).

10. SAME—SUFFICIENCY OF TITLE OF ACT.
    Any provisions germane to the subject expressed in the title
    may properly be included in the act or added thereto by
    amendment, and it is sufficient if the title fairly expresses
    the subject or is sufficiently comprehensive to include the sev-
    eral provisions relating to, or connected with, that subject
    (Const. 1908, art. 5, § 21).

11. SAME—TITLE OF ACT NEED NOT BE AN INDEX.
    The title of an act need not serve as an index but is sufficient if
    it fairly expresses the subject of the legislation and conveys
    comprehension of its germane provisions (Const. 1908, art. 5,
    § 21).

12. CONSTITUTIONAL LAW—TITLE OF ACT.
    The requirements of the Constitution that no law shall embrace
    more than one object, which shall be expressed in its title,
    are met if an act centers to one main general object or pur-
    pose which the title comprehensively declares, though in gen-
    eral terms, and if the provisions in the body of the act not
    directly mentioned in the title are germane, auxiliary or in-
    cidental to that general purpose (Const. 1908, art. 5, § 21).

13. STATUTES—TITLE OF ACT.
    The question of whether a law embraces more than one object,
    and whether it is within the scope of its title, must depend
    upon the circumstances peculiar to each individual case (Const.
    1908, art. 5, § 21).

14. SAME—TITLE OF ACT—COURT OF CLAIMS—GOVERNMENTAL IM-
    MUNITY.
    Act amendatory of court of claims act, which materially altered
    the rule as to governmental immunity by waiving it in all cases
    except three classes specifically excepted was not unconsti-
    tutional in that it thereby included a provision not germane
    to object expressed in title of act amended (Const. 1908, art. 5,
    § 21; Act No. 135, Pub. Acts 1939, as amended by Act
    No. 237, Pub. Acts 1943).

15. ACTION—SUBSEQUENT AMENDMENT OF STATUTE—STATES—GOV-
    ERNMENTAL IMMUNITY.
    Where plaintiff's cause of action, if any, against the State arose
    at a time when the defense of governmental immunity was

waived with respect to such action, the imposition of a different rule as to governmental immunity by a subsequently-enacted statute, would not bar recovery herein (Act No. 135, § 24, Pub. Acts 1939, as amended by Act No. 237, Pub. Acts 1943, and repealed by Act No. 87, Pub. Acts 1945).

16. COSTS—PUBLIC QUESTION—CONSTRUCTION OF STATUTES—STATES —GOVERNMENTAL IMMUNITY.

No costs are allowed on appeal in action against State where construction of amendment of statute setting forth the rule as to application of the defense of governmental immunity is involved, the matter being ·a public question (Const. 1908, art. 5, § 21; Act No. 135, Pub. Acts 1939, as amended by Act No. 237, Pub. Acts 1943).

Appeal from Court of Claims; Miles (Fred T.), J., presiding. Submitted October 9, 1946. (Docket No. 34, Calendar No. 43,201.) Decided December 2, 1946.

Claim by Ernest J. Benson, as assignee of Hansen, Lidell, Carlson, Johnson, Hartwig, Lofberg, Lagerkvist, Berg, Larson, Nyberg, Stone, Engblom, Hedlund, Nardin, and Eriksson, against State of Michigan, State Hospital Commission and Lapeer State Home and Training School for damages caused by inmates of school while trespassing on assignors' property. Claim dismissed on motion. Plaintiff appeals. Reversed and remanded for further proceedings.

*Anthony Nelson,* for plaintiff.

*Foss O. Eldred,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Meredith H. Doyle* and *Daniel J. O'Hara,* Assistants Attorney General, for defendants.

BOYLES, J. On October 18, 1944, plaintiff Ernest J. Benson, as assignee of the other persons named

in the caption, filed in the court of claims a statement of claim against the State of Michigan, the State hospital commission, and the Lapeer State home and training school. In it the plaintiff asked for damages alleged to have been caused to the property of plaintiff's assignors by certain inmates of said home and training school. The statement of claim alleges that plaintiff's assignors are the owners of certain cottages located on elevated grounds near the State home and training school (for feeble-minded) at Lapeer; that on December 10 and 11, 1943, a certain number of the inmates of said home and training school escaped therefrom, trespassed upon and damaged the property of plaintiff's assignors. Plaintiff's statement of claim further alleges that the home and training school is a State agency to confine feeble-minded persons, many of whom are unsafe persons to be at large, that it was the duty of its officers, doctors, superintendents and agents to prevent their inmates from escaping, entering upon the property of plaintiff's assignors and committing vandalism, that they were fully aware of the tendencies of such inmates and their mental deficiencies, that they knew that inmates had previously escaped, trespassed on plaintiff's assignors' property and committed acts of vandalism, that it was the duty of the State and the State hospital commission, to engage careful and competent officers, agents and employees, and for them to take the necessary precautions to prevent such escapes and damage to property, all of which duties plaintiff claims have been breached by the defendants, wherefore plaintiff's assignors have suffered the damage for which recovery is sought. It was stated that the cause of action was based on Act No. 135, Pub. Acts 1939. (Comp. Laws Supp. 1940, §§ 13862–1—13862–25, Stat. Ann. 1940 Cum. Supp. §§ 27.3548 [1]–

27.3548 [25]), as amended by Act No. 137, Pub. Acts 1941, and Act No. 237, Pub. Acts 1943 (Comp. Laws Supp. 1943, §§ 13862–4 et seq., Stat. Ann. 1944 Cum. Supp. §§ 27.3548 [1]—27.3548 [25]).

The last mentioned (1943) act purports to waive the State's defense of governmental immunity from liability for torts of its officers and employees, and the sole question presented in the instant case is whether this act is constitutional. Upon the filing of plaintiff's statement in the court of claims, the defendants filed a motion to dismiss on the ground that the 1943 act was not covered by the title of the court of claims act, was unconstitutional, and that as a matter of law the defendants could not be held to respond in damages for the tortious acts complained of. The circuit judge, presiding in the court of claims, held with the State and dismissed the claim. Plaintiff appeals.

The precise question for decision is whether Act No. 237, Pub. Acts 1943, supra, purporting to amend section 24 of the court of claims act, thereby waiving the defense of governmental immunity, violates that part of article 5, § 21, of the State Constitution (1908), wherein it is provided:

"No law shall embrace more than one object, which shall be expressed in its title."

The title of Act No. 135, Pub. Acts 1939 (court of claims act), has never been amended. It provides:

"An act to create a court of claims; and to prescribe its jurisdiction, powers and duties, the practice and procedure therein, and the time within which actions against the State and any department, commission, board, institution, arm or agency thereof may be brought."

There is no question but that the State, by enacting the court of claims act, thereby consented that

the State, and its departments, commissions, boards, institutions, arms and agencies might be sued in the court of claims on claims and demands, liquidated and unliquidated, *ex contractu* and *ex delicto*. Section 8 of the act so provides, and the right has been recognized by this Court in subsequent decisions. *Manion* v. *State Highway Commissioner,* 303 Mich. 1; *Abbott* v. *Michigan State Industries,* 303 Mich. 575; *McNair* v. *State Highway Department,* 305 Mich. 181; *Hersey Gravel Co.* v. *State Highway Department,* 305 Mich. 333; *Detroit Club* v. *State of Michigan,* 309 Mich. 721; *W. H. Knapp Co.* v. *State Highway Department,* 311 Mich. 186; *Western Electric Co.* v. *Department of Revenue,* 312 Mich. 582.

As originally enacted in 1939, section 24 of the court of claims act provided:

"This act shall in no manner be construed as enlarging the present liabilities of the State and any of its departments, commissions, boards, institutions, arms or agencies."

Under the above provision, it has been held that the State might avail itself of the defense of governmental immunity, in an action brought against it in the court of claims.

"Under provision of the court of claims act that it should in no manner be construed as enlarging the present liabilities of the State, the State's immunity from liability while engaged in a governmental function is preserved because the waiver of such defense would enlarge the present liabilities of the State (Act No. 135, § 24, Pub. Acts 1939).

"Since the existing liabilities of the State were not enlarged by the court of claims act, all those defenses which might have been interposed in actions at law and chancery remain unchanged save only

the immunity from suit (Act No. 135, § 24, Pub. Acts 1939)." *Manion* v. *State Highway Commissioner* (syllabi), *supra.*

"The doctrine of sovereign immunity exists under the common law of the State and may not be held to have been waived or abrogated except that the result has been accomplished by an express statutory enactment or by necessary inference from a statute.

"Statutes relating to claims for damages arising from negligence, malfeasance or misfeasance of State officers, departments, subdivisions or employees, relating to negligence in construction or maintenance of trunk line highways or relating to court of claims did not expressly or impliedly evince an intent to abolish defense of sovereign immunity as to claim against State highway department for alleged negligent maintenance of former United States highway then being repaved (1 Comp. Laws 1929, §§ 237, 238; Act No. 135, Pub. Acts 1939).

"The authority to waive defense of sovereign immunity is in the legislature and until there is legislative action authorizing an officer or agent of the State to waive such defense, it may not be done by any officer or agent." *McNair* v. *State Highway Department* (syllabi), *supra.*

However, the precise question involved in the instant case, as to whether section 24 of the 1943 amendment is unconstitutional as being in violation of article 5, § 21, of the State Constitution, has not heretofore been raised or decided. In 1943 the legislature amended section 24 of the court of claims act, and, with certain exceptions, thereby abolished the defense of governmental immunity in actions brought in the court of claims. Section 24 was amended by Act No. 237, Pub. Acts 1943 (Comp. Laws Supp. 1943, § 13862–24, Stat. Ann. 1944 Cum. Supp. § 27.3548 [24]), to read as follows:

"Upon the happening of any event subsequent to November 1, 1943, which gives rise to a cause of action, the State hereby waives its immunity from liability for the torts of its officers and employees and consents to have its liability for such torts determined in accordance with the same rules of law as apply to an action in the circuit court against an individual or a corporation, and the State hereby assumes liability for such acts, and jurisdiction is hereby conferred upon the court of claims to hear and determine all claims against the State to recover damages for injuries to property or for personal injury caused by the misfeasance or negligence of the officers or employees of the State while acting as such officer or employee. Such claim must be submitted pursuant to procedural provisions of the court of claims act. The provisions of this act shall not apply to (a) any claim for injury to or death of a prisoner, or for services rendered while an inmate of a penal institution; (b) any claim arising out of the injury to or death of an inmate of any State institution in connection with the rendition of medical or surgical treatment; (c) any claim for property damage or personal injury caused by the Michigan State troops and/or the national guard when called into the service of the State.".

Under and by virtue of this waiver of the defense of governmental immunity plaintiff brought the present suit in the court of claims. In moving to dismiss, the State admits the enactment of the amendment, but claims it is void, being in violation of article 5, § 21, of the State Constitution. Does the court of claims act, as thus amended by Act No. 237, Pub. Acts 1943, embrace more than one object, not expressed in its title?

At the outset, we must recognize certain fundamental rules of law which govern decision, where the question of the constitutionality of a statute is involved. These have recently been stated as follows:

" 'No rule of construction is better settled in this country, both upon principle and authority, than that the acts of a State legislature are to be presumed constitutional until the contrary is shown; and it is only when they *manifestly* infringe some provision of the Constitution that they can be declared void for that reason. In cases of doubt, every possible presumption, not clearly inconsistent with the language and the subject matter, is to be made in favor of the constitutionality of the act.

" 'The power of declaring laws unconstitutional should be exercised with extreme caution, and never where serious doubt exists as to the conflict.'

"This rule has been repeatedly quoted and applied in subsequent decisions in this State. *Bowerman* v. *Sheehan,* 242 Mich. 95 (61 A. L. R. 859); *Cady* v. *City of Detroit,* 289 Mich. 499; *In re Phillips,* 305 Mich. 636." *Johnson* v. *Commissioner of Agriculture,* 314 Mich. 548, 557.

"If there is any invalidity in section 5a, *supra,* it must appear so clearly as to leave no room for any reasonable doubt that it violates the Constitution, for every reasonable presumption and intendment must be resolved in favor of the constitutionality of the act. *Cady* v. *City of Detroit,* 289 Mich. 499; *In re Brewster Street Housing Site,* 291 Mich. 313." *Case* v. *Liquor Control Commission,* 314 Mich. 632, 638.

Plaintiff has planted his right to *sue* the State, on Act No. 135, Pub. Acts 1939. By virtue of this act, the State has consented that it may be sued, in the court of claims. That court has jurisdiction of the instant suit. Conceding that the court of claims has jurisdiction over suits against the State, expressly referred to in the title of the act, it is rather difficult to understand why the court should be excluded from having jurisdiction over a defense which may be asserted in such suits, as a bar to recovery.

The title of the court of claims act broadly refers to the jurisdiction of the court over all claims that may be asserted against the State, and, in a general way, to the powers and duties of the court. Immunity of the State from *liability*, for torts alleged to have been committed by its officers and employees, on the ground that the alleged tortfeasors were engaged in a governmental function, is a matter of defense which the State, in the absence of any statute to the contrary, may interpose in any suit brought against the State in the court of claims. It is a matter of defense which, if and when interposed by the State, must be considered and passed upon by the presiding judge in the court of claims. This is an essential part of the powers and duties granted to or imposed upon the court, to consider, and determine, whether the defense is a bar to the suit. Plainly this fact is recognized by the State when it seeks to interpose the defense of governmental immunity in the instant case to prevent recovery by the plaintiff, by claiming that Act No. 237, Pub. Acts 1943, is unconstitutional, wherefore the State may interpose the defense. In effect, the State now argues that the determination of this question is not within the powers and duties of the court of claims because the title is not broad enough to include it, although at the same time the State submits the question to the court of claims, for decision.

General rules have been announced by this Court, where the claim is made that a statute is void as contravening article 5, § 21, of the State Constitution (1908).

"It is the contention of appellant that this amendment is unconstitutional, for the reason that the title to the act is not broad enough to cover the matter embraced in the amendment, and is therefore in violation of section 20, art. 4, of the Constitution (1850). This Court has frequently held that, if the

amendment might have been incorporated in the act under its original title, this section is not violated.
\* \* \*

"Any provisions germane to the subject expressed in the title may properly be included in the act, or added thereto by amendment. It is sufficient if the title fairly expresses the subject, or is sufficiently comprehensive to include the several provisions relating to or connected with that subject. Cooley on Constitutional Limitations (6th Ed.), p. 172; *People, ex rel. Drake, v. Mahaney,* 13 Mich. 481; *People v. Kelly,* 99 Mich. 82; *Soukup v. Van Dyke,* 109 Mich. 679; *Fortin v. Bay City Traction & Electric Co.,* 154 Mich. 316. We think the title in question is clearly broad enough to comprehend the subject matter of the amendment." *Westgate v. Township of Adrian,* 161 Mich. 333, 334, 335.

"The title need not serve as an index; it is sufficient if it fairly expresses the subject of the legislation and conveys comprehension of its germane provisions. *Westgate v. Township of Adrian,* 161 Mich. 333." *Krench v. State of Michigan,* 277 Mich. 168, 175.

"Appellant's remaining constitutional objection is that the title fails to express the subject matter set forth in the body of the act.

"It is suggested that the public was not honestly informed by the title that the construction of an international bridge was authorized over the St. Clair river and that ferries might be acquired by the commission; that while the title indicates a program of public works, the body of the act does not provide such action, but merely the erection of a single bridge.

"A similar argument was made in *Young v. City of Ann Arbor,* 267 Mich. 241. We said in that case:

" 'It is contended the act violates article 5, § 21, of the Constitution which provides:

" ' "No law shall embrace more than one object, which shall be expressed in its title."

" '(a) "A title is but a descriptive caption, directing attention to the subject matter which follows." *Loomis* v. *Rogers*, 197 Mich. 265.

" '(b) "If the act centers to one main general object or purpose which the title comprehensively declares, though in general terms, and if provisions in the body of the act not directly mentioned in the title are germane, auxiliary, or incidental to that general purpose, the constitutional requirement is met." *Loomis* v. *Rogers, supra*.'

"The general object of the act is 'certain public works;' and a 'State bridge commission' is created. One reading the title might have reason to suppose that the act included bridges and a reading of the act by one whose attention was challenged by the title would lead to information that the 'works' embraced an 'international bridge,' et cetera.

"The remainder of the statute is germane to its main object and the title does not offend the constitutional provision quoted. *Regents of University of Michigan* v. *Pray*, 264 Mich. 693, and *People* v. *Carroll*, 274 Mich. 451." *Attorney General, ex rel. Eaves*, v. *State Bridge Commission*, 277 Mich. 373, 384, 385.

For obvious reasons the question whether a law embraces more than one object, and whether it is within the scope of its title, must depend upon the circumstances peculiar to each individual case. However, there are two early decisions of this Court which have considerable similarity to the circumstances of the instant case.

Act No. 108, Laws of 1871, was titled merely:

"An act to establish an insurance bureau."

Besides establishing the bureau and setting forth its powers and duties, the act (in section 7) changed the basis of taxation of insurance companies. In

*People, ex rel. Connecticut Mutual Life Ins. Co.,*
v. *State Treasurer* (1875), 31 Mich. 6, the Court held
that this change in the duty of insurance companies
was within the scope of the title.    The Court said
(pp. 17, 18):

"The constitutional provision, in regard to the
titles of acts, and in regard to the union of separate
subjects in the same act, has been so often and so
fully considered in this and other States, as to ren-
der it quite unnecessary to enter upon a general dis-
cussion of the subject in connection with this act
of 1871.

"There is nothing in the nature or framework of
the law to suggest any real ground for excluding it
from the class of enactments uniformly sustained
against such objections as are raised here.

"If this act is subject to these objections, the prior
one of 1869 must certainly be so, and we do not
understand that counsel regard that law as open to
them.

"The provisions in the act of 1871 relating to
taxation appear to be neither foreign to the object
of the residue of the statute, or insufficiently ex-
pressed in the title.

"In declaring in the language of the title that the
act was one 'to establish an insurance bureau,' the
legislature must be understood as saying, that it
was made up of such provisions and details as were
deemed suitable for the object; and under such title,
and in keeping with, and in furtherance of, the single
object expressed, it was competent to go further
than to enact mere organic provisions.    It was cer-
tainly admissible to include any just and pertinent
regulations respecting the course of action to be
observed by the bureau as a State agency, towards
those engaged in the business of insurance; and it
was equally admissible to include any just and ap-
propriate provisions for prescribing the duty due to
the State in the matter of taxation from insurance

companies. The fundamental principle of the law was, the marking out the reciprocal rights and duties of the State and those carrying on insurance, and to provide the machinery for administration, in so far as the State by a political agency might properly supervise.''

In the case now under consideration the 1943 statute reversed the rule originally enacted in the court of claims act, and in its place substantially abolished the defense of governmental immunity ·in suits brought in the court of claims. Similarly, in the case of *First National Bank of Ovid* v. *Steel,* 136 Mich. 588, a statute made a change in the defendants' liability, incident to the enactment of a new means of bringing suit. Act No. 195, Pub. Acts 1897 (3 Comp. Laws 1897, § 10421),* was entitled:

''An act to provide for bringing actions of assumpsit in certain cases, and to provide that in such cases the cause of action shall survive.''

In *First National Bank of Ovid* v. *Steel, supra,* it was urged that because the act also changed some of 'the incidents of a tort judgment into those of an action on contract, the act embraced more than one object, and that this latter object was not within the title. The Court held that the change in defendants' liability was within the 'scope of the title. The Court said (p. 591):

''It is also insisted that, if one who pays a judgment obtained for fraud under this statute has a right to contribution from his codefendants, the statute accomplishes two objects, viz., (*a*) it permits an action for fraud to be enforced by a declaration in *assumpsit,* and (*b*) it gives to the judgment thus

---

* Superseded by Act No. 314, chap. 11, § 1, Pub. Acts 1915 (3 Comp. Laws 1929, § 14007 [Stat. Ann. § 27.651]); and repealed by the judicature act (Act No. 314, chap. 81, § 1, Pub. Acts 1915 [3 Comp. Laws 1929, § 16287 (Stat. Ann. § 27.3545)]).

obtained some of the incidents of a judgment in an action founded on contract, and for that reason the statute violates .section 20 of article 4 of the State Constitution (1850). We do not think this point well taken. The statute has only one general object. It relates only to .actions for fraud, and provides that *assumpsit* may be brought to recover damages, and that the cause of action shall survive. There is necessarily involved in. this object the legislative purpose to give to the judgments rendered on such causes of action some of the incidents of judgments in *assumpsit*. That, however, is the same, and not a different, object.

"It results from the same reasoning that the act is not, as defendants insist, broader than its title."

The question as to whether the State might interpose the defense of governmental immunity from *liability* as a bar to recovery in a suit against the State in the court of claims, is essential to the jurisdiction of that court, and the powers and duties of the presiding judge. In the court of claims act as originally enacted in 1939, section 24 was inserted by the legislature for the obvious purpose of guiding the court in those cases in. which the State might seek to defeat the claim by interposing the defense of governmental immunity. The legislature, in section 24 as originally enacted, declared that the State was not waiving the defense of governmental immunity. In 1943 the legislature reversed the rule— such defense was specifically waived, the State definitely *assumed liability* for the torts of its officers and employees, and declared that "*jurisdiction* is hereby conferred upon the court of claims to hear and determine all claims against the State to recover damages for injuries to property or for personal injury caused by the misfeasance or negligence of the officers or employees of the State while acting as such officer or employee."

We conclude that Act No. 135, Pub. Acts 1939, as amended by Act No. 237, Pub. Acts 1943, is not unconstitutional on the grounds asserted by the State in the present case.

We do not overlook the fact that Act No. 135, § 24, Pub. Acts 1939, as amended by Act No. 237, Pub. Acts 1943, has since been repealed by Act No. 87, Pub. Acts 1945 (Comp. Laws Supp. 1945, § 13862–26 *et seq.,* Stat. Ann. 1946 Cum. Supp. § 27.3548 (41) *et seq.*) and a different rule of law enacted governing the defense of governmental immunity in certain cases. However, plaintiff's cause of action, if any, arose after the effective date of Act No. 237, Pub. Acts 1943, and before the effective date of the repeal by Act No. 87, Pub. Acts 1945.

The order dismissing plaintiff's suit is set aside and the case remanded to the court of claims for further proceedings. No costs, a public question being involved.

BUTZEL, C. J., and CARR, BUSHNELL, SHARPE, REID, and NORTH, JJ., concurred. DETHMERS, J., did not sit.