ROGERS *v.* KENT BOARD OF COUNTY ROAD COMMISSIONERS.

1. Contracts—Third Party Beneficiaries—Governmental Immunity—Insurance.

   In action by administratrix to recover damages for death of her husband, because of trespass and negligence of defendant board of county road commissioners in leaving an anchor post protruding 6 or 8 inches above ground in decedent's meadow when snow fence was removed, third-party beneficiary contract as to use of defense of governmental immunity did not prevent interposition of such defense by defendant where its policy with insurer permitted defendant to use such defense, it was interposed and there is no showing the insurer is actually conducting the defense (Act No. 296, Pub. Acts 1937).

Liability for continuing trespass, see 1 Restatement, Torts, §§ 158-160.

2. TRESPASS—CONTINUING TRESPASS—EXPIRATION OF LICENSE.

Where defendant board of county road commissioners had a license to erect snow fence upon decedent's land but failed to remove anchor post upon expiration of the license, such failure was a continuing trespass.

3. SAME—REMOVAL OF STRUCTURE OR CHATTEL ON EXPIRATION OF CONSENT OR PRIVILEGE.

An actionable trespass may be committed by the continued presence on land of a structure, chattel or other thing which the actor or his predecessor placed thereon with the consent of the person then in possession of the land if the actor fails to remove it after the consent or privilege has been effectively terminated by the accomplishment of its purpose or otherwise.

4. HIGHWAYS AND STREETS—REMOVAL OF SNOW FENCE—NEGLIGENCE —GOVERNMENTAL IMMUNITY—WAIVER.

Where death of plaintiff's decedent was alleged to have been due to trespass and negligence of defendant board of county road commissioners in leaving a snow fence anchor post protruding 6 or 8 inches above ground in decedent's meadow when fence was removed, so as to cause decedent to be thrown from mowing machine, and such failure to remove was contrary to terms of license by which fence had been placed on the land, declaration stated a cause of action where it arose while statute was in effect waiving defense of governmental immunity in such cases (Act No. 135, § 24, Pub. Acts 1939, as amended by Act No. 237, Pub. Acts 1943).

ON REHEARING.

5. COUNTIES—GOVERNMENTAL IMMUNITY—CONTINUING TRESPASS.

Governmental immunity is not a defense which a county may interpose in an action based on a continuing trespass.

6. STATES—WAIVER OF GOVERNMENTAL IMMUNITY—COURT OF CLAIMS —COUNTIES.

Such waiver of governmental immunity as may have been incorporated in the court of claims act applied only to claims against the State which come within the jurisdiction of the court of claims and such act does not apply to actions against counties, based on the negligence of its officers, agents or employees, and under the jurisdiction of the circuit court (Act No. 135, § 24, Pub. Acts 1939, as amended by Act No. 237, Pub. Acts 1943).

7. Counties—Continuing  Trespass—Negligence—Governmental
    Immunity.

> Where action against county was planted both on continuing tres-
> pass and negligence, order granting, motion to dismiss on
> ground of governmental immunity was error as to liability for
> such trespass, as plaintiff has right to go to jury to prove dam-
> ages for a continuing trespass.

Appeal from Kent; Souter (Dale), J. Submitted
January 10, 1947. (Docket No. 63, Calendar No.
43,609.) Decided April 17, 1947. Submitted on re-
hearing October 9, 1947. (Docket No. 41.) Decided
January 5, 1948.

Case by Clara E. Rogers, administratrix of the
estate of Theodore Rogers, deceased, against the
Board of County Road Commissioners for the
County of Kent for damages arising from the death
of decedent. Motion to dismiss granted. Reversed
and remanded for further proceedings.

*Fred P. Geib* and *Clem H. Block,* for plaintiff.

*Menso R. Bolt,* Prosecuting Attorney, and
*Roger O. McMahon,* Assistant Prosecuting Attorney,
for defendant.

Reid, J. Plaintiff instituted this suit to recover
damages because of the death of her husband,
Theodore Rogers, which plaintiff claims was caused
by the trespass and negligence of the defendant
board of county road commissioners. Defendant
filed a motion to dismiss, based on the pleadings and
on the ground of governmental immunity. The
lower court granted defendant's motion and dis-
missed the cause. Plaintiff appeals from the judg-
ment of dismissal of her cause.

Plaintiff claims that for two winter seasons pre-
vious to the date of the fatal injury to her husband

the defendant board of road commissioners had obtained a license to place a snow fence in decedent's field parallel to the roadway past decedent's farm. Plaintiff claims in her declaration that the placing of the snow fence there was with the distinct understanding and agreement between the defendant and decedent that all of the fence together with the anchor posts should be removed by defendant at the end of each winter season, when the necessity for snow fences for that season no longer existed. Plaintiff claims that such was the arrangement for the winter season of 1943–1944, that the arrangement was renewed for the winter season of 1944–1945, and that in the spring of 1945 the defendant's agents and employees removed the snow fence but did not remove a steel anchor post which protruded from 6 to 8 inches above the ground. Plaintiff further claims that the place where the post was located was a meadow where the grass grew to a considerable height, so that the anchor post was entirely hidden, and that on July 23, 1945, after decedent's husband had mowed several swaths around the field where the snow fence had been, with his mowing machine attached to his neighbor's tractor, and without any negligence or want of proper method of operation on his part, the mowing bar struck the steel stake and as a result of the impact decedent was forcibly thrown from the seat of the mowing machine to and upon the wheels of the mowing machine and upon the ground. By reason of the accident decedent received severe injuries which caused his death on October 25, 1945.

Plaintiff bases her suit upon trespass and negligence of defendant, claiming that the accident was the result of the trespass and negligence by the defendant in leaving the stake after the license to have

the snow fence in place had expired, and the rest of the snow fence had been removed.

Plaintiff claims that the suit is in reality defended by the Michigan Mutual Liability Company, which company provided insurance coverage for the defendant for 1945. Plaintiff claims that the policy of insurance required the defendant to permit the liability company to defend a suit in the name of defendant, and that the suit is in fact being so defended by the liability company and further, that one of the provisions of the insurance contract is that the insurer will refrain from interposing the defense that the insured was engaged in the performance of a governmental function at the time of the accident, unless the insured shall promptly request the company in writing to make use of such defense. Plaintiff claims that by reason of the third-party beneficiary statute, Act No. 296, Pub. Acts 1937 (Comp. Laws Supp. 1940, §§ 14063-1—14063-5, Stat. Ann. 1946 Cum. Supp. §§ 26.1231—26.1235), plaintiff is entitled to avail herself of the benefits of the undertaking on the part of the insurance company not to assert the defense of governmental immunity. Plaintiff moved the court to strike from the file defendant's motion to dismiss plaintiff's suit, and for an order requiring defendant to answer without asserting governmental immunity, which motion of the plaintiff was denied. We do not consider that the third-party beneficiary statute is of assistance to plaintiff under the circumstances of this case. The road commissioners had the right to permit interposition of the defense of governmental immunity, appeared and have seen fit to interpose that defense. There is no showing that the surety company is actually conducting the defense.

The court dismissed plaintiff's cause of action, ruling that the action was plainly an action based

upon negligence, that there was no basis for any finding of trespass and that the defense of governmental immunity applied to the facts set forth in plaintiff's declaration.

Failure to remove the anchor stake upon expiration of the license to have it on defendant's land was a continuing trespass and is alleged by plaintiff to have been a proximate cause of the damage which she seeks to recover.

"SEC. 160. Failure to remove a thing placed on the land pursuant to a license or other privilege.

"A trespass, actionable under the rule stated in section 158, may be committed by the continued presence on the land of a structure, chattel or other thing which the actor or his predecessor in legal interest therein has placed thereon

" (a) with the consent of the person then in possession of the land, if the actor fails to remove it after the consent has been effectively terminated, or

" (b) pursuant to a privilege conferred on the actor irrespective of the possessor's consent, if the actor fails to remove it after the privilege has been terminated, by the accomplishment of its purpose or otherwise." 1 Restatement, Torts, p. 368.

Defendant argues that the county, as an involuntary political subdivision of the State, has a different status as to governmental immunity from that of townships, cities and villages, whose governmental immunity has been limited by statute, as for example, 1 Comp. Laws 1929, § 4229 (Stat. Ann. § 9.597) and 1 Comp. Laws 1929, § 4230 (Stat. Ann. § 9.598), concerning defective condition of highways, streets, et cetera. See, also, Act No. 264, Pub. Acts 1887 (1 Comp. Laws 1897, § 3441), and citations thereunder. In *Ashley* v. *City of Port Huron*, 35 Mich. 296, 301 (24 Am. Rep. 552), decided in 1877, Justice COOLEY nowhere discusses the effect of any statute

limiting the immunity of villages and cities, as any part of the ground for the opinion of the Court rendered by him. It will be noted that in *Robinson* v. *Township of Wyoming,* 312 Mich. 14, the cause of action was not concerning any defective highway, street, bridge or culvert.

For the distinction in the liability of cities, villages and townships on the one hand and that of counties on the other, on grounds of governmental immunity, defendant cites *Maffei* v. *Berrien County,* 293 Mich. 92, and other cases. However, at the time of the accident to decedent in this case, July 23, 1945, there was still in effect Act No. 135, § 24, Pub. Acts 1939, as amended by Act No. 237, Pub. Acts 1943 (Comp. Laws Supp. 1943, § 13862–26, Stat. Ann. 1943 Cum. Supp. § 27.3548 [24]) (though repealed as of later effect by Act No. 87, Pub. Acts 1945 [Comp. Laws Supp. 1945, § 13862–26, Stat. Ann. 1946 Cum. Supp. § 27.3548 (41) *et seq.*]). We should not overlook our decision in *Benson* v. *State Hospital Commission,* 316 Mich. 66, 82. The distinction favorable to the theory of nonliability of counties, as being involuntary subdivisions of the State and carrying on the functions of the State as to local affairs, based on the proposition that the State itself would be immune under like circumstances, has no applicability to the instant case, where the cause of action arose while the act of 1943 was in effect, which act waived the State's immunity in certain cases.

In view of our decisions in *Ashley* v. *City of Port Huron, supra; Ferris* v. *Board of Education of Detroit,* 122 Mich. 315, 318; *Robinson* v. *Township of Wyoming, supra; Benson* v. *State Hospital Commission, supra,* we consider plaintiff to have a cause of action under her declaration.

The judgment of the court dismissing the cause of action is reversed and the cause remanded for

such further proceedings as shall be found necessary. Costs to plaintiff.

CARR, C. J., and BUTZEL, BUSHNELL, SHARPE, BOYLES, and NORTH, JJ., concurred with REID, J. DETHMERS, J., concurred in the result.

ON REHEARING.

BUSHNELL, J. (*concurring*). After an opinion was filed in this cause a rehearing was granted on the question of defendant's governmental immunity from liability for acts of trespass and negligence by its agents and employees. Although an attempt is made in the briefs to secure reconsideration of other phases of the case, the order granting rehearing limits the scope of our present inquiry.

The facts are sufficiently stated in the original opinion. It is, also pointed out therein that section 24 of Act No. 135, Pub. Acts 1939, as amended by Act No. 237, Pub. Acts 1943 (Comp. Laws Supp. 1943, § 13862–26, Stat. Ann. 1943 Cum. Supp. § 27.3548 [24]) was not repealed until 90 days after the adjournment of the regular session of the legislature on June 7, 1945. See Act No. 87, Pub. Acts 1945. Therefore, at the time of the accident in question (July 23, 1945) the 1943 act which waived governmental immunity was in effect. That act was silent as to waiver of the governmental immunity of counties and only provided for the hearing and determination of claims in the court of claims.

In *Maffei* v. *Berrien County,* 293 Mich. 92, this Court quoted with approval the following from 14 Am. Jur. p. 216, § 49:

" 'The principal ground upon which it is held that counties are not liable for damages in action for their neglect of public duty is that they are involun-

tary political divisions of the State, created for public purposes connected with the administration of local government. They are involuntary corporations, because created by the State, without the solicitation or even the consent of the people within their boundaries, and made depositaries of limited political and governmental functions, to be exercised for the public good, in behalf of the State, and not for themselves. They are in fact no less than public agencies of the State, invested by it with their particular powers, but with no power to decline the functions devolved upon them, and hence, are clothed with the same immunity from liability as the State itself. In other words, the rule of nonliability for torts is dictated by public policy. Since a suit against the county is in effect a suit against the State, an action will not lie without the consent of the legislature.' ''

Was such consent granted by the waiver of immunity clause in the 1943 act, *supra*?

Unless during the period covered by the life of section 24 of this act, the legislature intended to preserve greater immunity in a case involving a county than that involving the State, it must be held that the waiver of governmental immunity extended to claims against counties. But it is argued that the only forum provided for the hearing of such claims was a court of claims. This argument ignores that portion of section 24 which expresses the consent of the State to have its liability for torts ''determined in accordance with the same rules of law as apply to an action in the circuit court against an individual or a corporation.''

If any waiver of immunity as to counties existed, such waiver must be found within the language of the 1943 act, and it also must be determined that actions against counties could, under its language, be brought in the circuit court.

Was there any intention on the part of the legisla-
ture to deprive the State of the defense of govern-
mental immunity and leave this same defense
available to its political subdivisions? Such was the
question resolved in *Bernardine* v. *City of New
York,* 294 N. Y. 361 (62 N. E. [2d] 604, 161 A. L. R.
364, decided July 19, 1945). That court said:

"Section 8 of the court of claims act says: 'The
State hereby waives its immunity from liability and
action and hereby assumes liability and consents to
have the same determined in accordance with the
same rules of law as applied to actions in the su-
preme court against individuals or corporations.'
The gist of this waiver and consent of the State has
been operative since 1929, and is limited only by the
incidental procedure prescribed in article 2 of the
same act. None of the civil divisions of the State—
its counties, cities, towns and villages—has any in-
dependent sovereignty. See N. Y. Const. art. 9,
§ 9; *City of Chicago* v. *Sturges,* 222 U. S. 313, 323
(32 Sup. Ct. 92, 56 L. Ed. 215, Ann. Cas. 1913B, 1349;
*Keifer & Keifer* v. *Reconstruction Finance Corpora-
tion,* 306 U. S. 381 (59 Sup. Ct. 516, 83 L. Ed. 784).
*Cf. Gaglio* v. *City of New York* (C. C. A.*), 143 Fed.
[2d] 904. The legal irresponsibility heretofore en-
joyed by these governmental units was nothing more
than an extension of the exemption from liability
which the State possessed. *Murtha* v. *New York
Homeopathic Medical College & Flower Hospital,*
228 N. Y. 183, 185 (126 N. E. 722). On the waiver by
the State of its own sovereign dispensation, that ex-
tension naturally was at an end and thus we were
brought all the way round to a point where the civil
divisions of the State are answerable equally with
individuals and private corporations for wrongs of
officers and employees,—even if no separate statute
sanctions that enlarged liability in a given instance.
*Holmes* v. *County of Erie,* 291 N. Y. 798 (53 N. E.
[2d] 369). Of course, the plaintiff in such a case must

satisfy all applicable general statutory or charter requirements in the way of presentation of claims, notice of injury, notice of intent to sue and the like.

"The plea which was most often made for the immunity of the civil divisions of the State was an assertion that officers and employees thereof—when engaged in the discharge of so-called governmental functions—acted as delegates of the State and not in behalf of any municipal master. *Murtha* v. *New York Homeopathic Medical College & Flower Hospital*, 228 N. Y. 183, 185 (126 N. E. 722). On this former basis, it is possible to suggest that the State has now laid itself open to suit for wrongs of officers or employees of its civil divisions. But any view point of that kind would be vain, since the argumentation that had been contrived as a front for the doctrine of governmental immunity did not survive the renouncement of that doctrine. *Cf. Miller* v. *City of New York*, 292 N. Y. 571 (54 N. E. [2d] 690)."

See other authorities annotated in 161 A. L. R. p. 367 *et seq.*

In the original opinion, this Court held that the judgment of the circuit court dismissing the cause of action should be reversed and the cause remanded for such further proceedings as shall be found necessary. On re-examination we adhere to our former conclusion.

REID, J., concurred with BUSHNELL, C. J.

BOYLES, J. I agree with Mr. Justice BUSHNELL in affirming our previous opinion for reversal, but the case should be submitted to the jury on the ground that governmental immunity is not a defense which a county may interpose against liability for a continuing trespass. See *Ashley* v. *City of Port Huron*, 35 Mich. 296 (24 Am. Rep. 552); *Ferris* v. *Board of Education of Detroit*, 122 Mich. 315; *Robinson* v. *Township of Wyoming*, 312 Mich. 14.

But I do not agree that Act No. 135, Pub. Acts 1939, the court of claims act, and Act No. 237, Pub. Acts 1943, waiving immunity for the State by amending section 24 to said court of claims act, apply to suits against counties under the jurisdiction of the circuit court. I think that said acts apply only to claims against the State which come within the jurisdiction of the court of claims.

The ground on which the constitutionality of the 1943 amendment to section 24 of the court of claims act was upheld in *Benson* v. *State Hospital Commission,* 316 Mich. 66, as against the assertion that said section 24 was not within the title of the court of claims act, was as follows:

"The title of the court of claims act broadly refers to the jurisdiction of the court over all claims that may be asserted against the State, and, in a general way, to the powers and duties of the court. Immunity of the State from *liability,* for torts alleged to have been committed by its officers and employees, on the ground that the alleged tortfeasors were engaged in a governmental function, is a matter of defense which the State, in the absence of any statute to the contrary, may interpose in any suit brought against the State in the court of claims. It is a matter of defense which, if and when interposed by the State, must be considered and passed upon by the presiding judge in the court of claims. This is an essential part of the powers and duties granted to or imposed upon the court, to consider, and determine, whether the defense is a bar to the suit.
\* \* \*

"The question as to whether the State might interpose the defense of governmental immunity from *liability* as a bar to recovery in a suit against the State in the court of claims, is essential to the jurisdiction of that court, and the powers and duties of the presiding judge. In the court of claims act as

originally enacted in 1939, section 24 was inserted by the legislature for the obvious purpose of guiding the court in those cases in which the State might seek to defeat the claim by interposing the defense of gov- ernmental immunity.''

The same reasoning would not apply to suits against counties in the circuit court. Section 24, as amended by Act No. 237, Pub. Acts 1943, would not be within the title of the court of claims act if con- strued to apply to governmental immunity by coun- ties, in cases under the jurisdiction of the circuit court. The scope of the court of claims act is plainly set forth in its title, as follows:

''An act to create a court of claims; and to pre- scribe its jurisdiction, powers and duties, the prac- tice and procedure therein, and the time within which actions against the State and any department, commission, board, institution, arm or agency thereof may be brought.''

For the above reason, I do not agree that sec- tion 24 of the court of claims act as amended in 1943 in itself expressly waived the defense of govern- mental immunity of counties from liability for the *negligence* of its officers, agents and employees. But in the instant case the plaintiff's declaration is planted both on trespass and negligence. It is stated in the earlier opinion written by MR. JUSTICE REID:

''The court dismissed plaintiff's cause of action, ruling that the action was plainly an action based upon negligence, that there was no basis for any finding of trespass and that the defense of govern- mental immunity applied to the facts set forth in plaintiff's declaration.''

I agree that the trial court erred in that respect, and that if the proofs adduced by the plaintiff should warrant, the plaintiff should have the right to go to

the jury on the ground that the defendant might be held liable in damages for a continuing trespass. On that ground alone, I concur in setting aside the order of the trial court and to the granting of a new trial, with costs to appellant.

SHARPE, NORTH, DETHMERS, BUTZEL, and CARR, JJ., concurred with BOYLES, J.