■ GIFFORD CONSTRUCTION Co., INC., Plaintiff, v. HAMILTON PARK CONSTRUCTION Co., INC., Defendant and Third-Party Plaintiff-Respondent. CHARLES DONAHUE et al., Constituting the Board of Water Commissioners of Garden City Park Water District, Third-Party Defendants-Appellants.— In an action to *recover the agreed price and reasonable value of certain work in repairing the* defendant's sewer lines, in which the defendant, as third-party plaintiff, interposed a third-party complaint against the Board of Water Commissioners of Garden City Park Water District, as third-party defendants, alleging that such work was necessitated by their faulty installation of water mains under their contract with the said defendant and third-party plaintiff, the third-party defendants, by permission of this court, appeal from an order of the Appellate Term of the Supreme Court, dated June 21, 1962, which affirmed an order of the District Court of Nassau County, dated January 26, 1962, denying their motion to dismiss the third-party complaint on the ground that it failed to state a cause of action (Rules Civ. Prac., rule 106, subd. 4). Order of the Appellate Term affirmed, without costs. The Board of Water Commissioners contend that they cannot be sued because they do not constitute a separate legal entity and are merely an arm of the town government. The answer to this contention was given by the Court of Appeals in *Bernardine* v. *City of New York* (294 N. Y. 361, 365) when it said: "The legal irresponsibility heretofore enjoyed by these governmental units was nothing more than an extension of the exemption from liability which the State possessed. (*Murtha* v. *N. Y. H. M. Col. & Flower Hospital*, 228 N. Y. 185.) On the waiver by the Sate of its own sovereign dispensation, that extension naturally was at an end and thus we were brought all the way round to a point where the civil divisions of the State are answerable equally with individuals and private corporations for wrongs of officers and employees,— even if no separate statute sanctions that enlarged liability in a given instance. (Holmes v. County of Erie, 291 N. Y. 798.)" By Laws of 1929, chapter 467, the Court of Claims Act was amended so as to waive the State's immunity from liability for torts and it was this statute which the Court of Appeals interpreted in the *Bernardine* and in the *Holmes* cases (*supra*). [What is now section 215 of the Town Law had previously been amended by the Laws of 1928, ch. 498, making Water Commissioners liable to suit for breach of contract.] Moreover, section 255.4 of the Nassau County Civil Divisions Act (L. 1949, ch. 270) specifically provides that Water Commissioners (such as the third-party defendants here) may sue and be sued

"as the board of commissioners of the district". The Water Commissioners' motion to dismiss the third-party complaint pursuant to subdivision 4 of rule 106 of the Rules of Civil Practice was made months after the service of that pleading upon them. A motion to dismiss a complaint on the ground of a defendant's disability should, however, be made within 20 days of the service of the complaint pursuant to subdivision 8 of rule 107 of the Rules of Civil Practice. Ughetta, Acting P. J., Kleinfeld, Christ, Hill and Rabin, JJ., concur.