LINCOLN NATIONAL LIFE INSURANCE COMPANY, Appellee, v. C. T. McKENNEY et al., Appellants.

No. 44857.

DECEMBER 12, 1939.

H. M. Coggeshall, for appellee..

William P. Welch, for appellants.

SAGER, J.—For a clear understanding of the facts out of which this action arose we give something of a history of the title of the land upon which the mortgage securing the note in suit was placed.

On February 28, 1918, Reilly, owner, executed to the Peyton State Bank a note for $3,000, due February 28, 1922, with interest at 6 per cent, securing it by a mortgage on real estate. On February 21, 1918, Reilly, by warranty deed, conveyed to McEvers who assumed the debt. On June 15th of the same year the Peyton Bank assigned the note and mortgage to Annis; and on July 8th following Annis assigned the note and mortgage to the Roman Catholic Mutual Protective Society of Iowa. On June 26, 1920, McEvers, by warranty deed, sold the land to Walters who assumed the debt. In December of the same year Walters conveyed to defendants, McKenney and Seabury who likewise assumed.

In February, 1922, defendants, McKenney and Seabury and their wives, entered into an extension agreement with the holder of the debt to fix a new due date, February 1, 1927. On June 13, 1928, all the defendants made another extension agreement with the holder, Roman Catholic Mutual Protective Society of Iowa, fixing the time of payment, February 1, 1933, with interest at 5 per cent instead of 6 per cent as it had theretofore been. On August 29th the holder of the note and mortgage assigned to the Royal Union Life Insurance Company. This went into receivership. The receivers of the company assigned the note and mortgage to the plaintiff.

Defendants seek to escape liability on the plea that there was no consideration for the first extension, predicating such lack upon this part of the extension agreement:

"This agreement is made upon the express condition that it shall not be construed as precluding the said Society, its successors or assigns, from enforcing any and all its rights

against any person liable upon said note * * * as maker, endorser, guarantor or otherwise, whose written assent hereto has not been obtained, for which purpose said note * * * may be treated as overdue, and collected immediately, in accordance with the terms of said note * * * and deed, as if this agreement had not been made.''

■ By amendment defendants allege that the extension agreement was a novation of the assumption undertaken in the deed; and that as a consequence more than 10 years having elapsed since the date of the acceptance of the deed, plaintiff's claim is barred by the statute of limitations. Code 1935, § 11007. There is some uncertainty as to just what the defendants' contention is. They seem to ignore the second extension executed June 13, 1928, fixing the due date at February 1, 1933, with a reduced rate of interest. Appellants' first contention may be summed up in this way: The assumption of the debt undertaken by the acceptance of the deed is barred by the statute of limitations in 10 years from the acceptance of such deed. This proposition may be admitted without helping defendants' cause. The case of Reynolds v. Johnson, 199 Iowa 1055, 202 N. W. 881, cited to this proposition affords no help to the defendants.

■ Appellants' second proposition is that an instrument providing for an extension of time which allows the holder to commence suit at any time is without consideration; but this contention overlooks the very terms of the agreement itself as above set out. It will be seen that the reservation of the right to sue is against ''any person liable upon said note * * * as maker, endorser, guarantor or otherwise, *whose written assent hereto has not been obtained,* for which purpose said note * * * may be treated as overdue * * *.'' (Italics inserted.) The difficulty with appellants' position is that their assent was not only given, but expressed in writing in the second extension agreement. This, by its very terms, fixed the maturity on February 1, 1933. This action was commenced in 1936. Appellants argue that there was no consideration because plaintiff, as they contend, could sue after the extension all parties, including the defendants, as if no such agreement had been entered into. This claim has already been disposed of. That an agreement to extend the time for the payment of a debt affords a good consideration is too well settled to admit of

argument or to call for citation of authority, but see Goff v. Milliron, 221 Iowa 998, 266 N. W. 526; and Mowbray v. Simons, 183 Iowa 1389, at page 1394, 168 N. W. 217.

Finding no error, the judgment of the trial court is affirmed.—Affirmed.

ALL JUSTICES concur.