## KNAPP v CITY OF DEARBORN

1. Torts—Governmental Immunity—Governmental Functions—Statutes.

   Governmental agencies are generally immune from tort liability in all cases wherein the governmental agency is engaged in the exercise or discharge of a governmental function (MCLA 691.1407).

2. Statutes—Torts—Governmental Immunity—Constitutional Law.

   Case precedent at the present time holds that the governmental immunity statute is constitutional; nullification or modification, if it is to come, must emanate from the Supreme Court or the Legislature (MCLA 691.1407).

3. Torts—Statutes—Governmental Immunity—Proprietary Function—Pecuniary Profit.

   The immunity of the state does not apply to actions to recover for bodily injury or property damage arising out of the performance of a proprietary function; a proprietary function is any activity conducted primarily for the purpose of producing a pecuniary profit for the state, excluding however any activity normally supported by taxes or fees (MCLA 691.1413).

4. Municipal Corporations—Torts—Governmental Immunity—Parks—Accelerated Judgment—Disputed Question of Fact—Proprietary Function—Profits.

   An accelerated judgment for a defendant city, in a tort action arising out of the city's operation of a park, was erroneously

References for Points in Headnotes

[1, 2] 57 Am Jur 2d, Municipal, School, and State Tort Liability §§ 27–44.

[3] 57 Am Jur 2d, Municipal, School, and State Tort Liability §§ 42–44, 49.

[4] 59 Am Jur 2d, Parks, Squares and Playgrounds §§ 10, 11.

[5] 47 Am Jur 2d, Judgments §§ 1080–1213.

[6] 56 Am Jur 2d, Motions, Rules and Orders § 6.

[7] 57 Am Jur 2d, Municipal, School, and State Tort Liability §§ 150–155.

granted where there existed a disputed question of fact as to whether the operation of the park constituted a proprietary function and neither a hearing nor a trial was held on this disputed question; the operation of the park may constitute a proprietary function for which no governmental immunity exists even though the city has not as yet experienced a profit in the operation of the park.

5. JUDGMENT—ACCELERATED JUDGMENT—DISPUTED QUESTIONS OF
   FACT—IMMEDIATE TRIAL—COURT RULES.

   The court may order immediate trial of any disputed questions of fact with regard to defenses and objections raised on a motion for accelerated judgment; or the court may postpone the hearing on the matter until the trial on the merits (GCR 1963, 116.3).

6. JUDGMENT—ACCELERATED JUDGMENT—SUMMARY JUDGMENT—MO-
   TIONS—COURT RULES.

   The practice of filing a hybrid motion labeled "summary and/or accelerated judgment" is improper; the court rules are detailed and explicit in setting forth the various grounds for both types of pretrial motions.

7. STATES—PUBLIC BUILDINGS—DEFECTIVE CONDITIONS—DUTY TO RE-

   Governmental agencies have the obligation to repair and maintain public buildings under their control when open for use by members of the public; governmental agencies are liable for bodily injury and property damage resulting from a dangerous or defective condition of a public building (MCLA 691.1406).

Appeal from Wayne, Thomas Roumell, J. Submitted Division 1 February 11, 1975, at Detroit. (Docket No. 19543.) Decided March 25, 1975.

Complaint by Raymond Knapp, individually and as next friend of Lorraine Knapp, a minor, against the City of Dearborn for damages for injuries sustained while using a water pump at defendant's park. Accelerated judgment for defendant. Plaintiff appeals. Reversed and remanded.

*Lopatin, Miller, Bindes & Freedman* (by *Michael A. Gantz),* for plaintiff.

*Garan, Lucow, Miller, Lehman, Seward & Cooper* (by *George J. Parish),* for defendant.

Before: D. E. Holbrook, P. J., and Danhof and N. J. Kaufman, JJ.

D. E. Holbrook, P. J. This action was instituted for damages for injuries sustained to the minor plaintiff, Lorraine Knapp, on the premises of Camp Dearborn, a camp operated by the defendant, City of Dearborn, a municipal corporation.

On or about July 15, 1973, the minor plaintiff herein, while attempting to use a manual water pump permanently affixed on the premises of the defendant, injured herself due to a defective condition of that pump, when the pump handle broke off and struck the plaintiff minor herein.

A complaint was filed in the Wayne County Circuit Court on or about October 22, 1973, and on November 8, 1973, an answer was filed by the defendant, setting forth the affirmative defense of governmental immunity.

On January 18, 1974, a motion for accelerated judgment based on GCR 1963, 116.1(2), that the court lacks jurisdiction of the subject matter, and GCR 1963, 117.2(1), that the opposing party has failed to state a claim upon which relief can be granted, was filed by the defendant claiming that the defendant is immune from suit by reason of governmental immunity. MCLA 691.1407; MSA 3.996(107). The motion was heard on February 1, 1974, and granted. On February 4, 1974, an accelerated judgment of no cause of action was signed by the court and filed. Plaintiffs appeal from the accelerated judgment and raise ten issues, the first eight having to do with various aspects of the constitutionality of the Michigan governmental

immunity statute. MCLA 691.1407; MSA 3.996(107).[1]

We choose to incorporate these first eight issues into one, wherein plaintiffs claim that the statute conferring immunity from tort liability on governmental agencies is unconstitutional because it is repugnant to notions of equal justice because it is an invalid exercise of police power, its application unreasonably burdens free access to the courts, constitutes a deprivation of property without just compensation, and because it creates an arbitrary distinction between tortfeasors and injured persons.

These claims have been presented to the courts of our state many times and some quite recently with the result being negative as to plaintiffs' position. This Court has stated on several occasions, and most recently in *In re Jones Estate,* 52 Mich App 628, 631; 218 NW2d 89, 91–92 (1974):

"The law on the subject of governmental immunity is uncertain at the present time, and it is of doubtful value to give a detailed recitation of past decisions and statutes. Nullification or modification, if it is to come, must emanate from the Supreme Court or the Legislature." (Fn omitted.)

At the time of the decision in *In re Jones,* there were four cases pending before the Supreme Court for determination on various aspects of this problem. They were: *McCann v Michigan,* 47 Mich App 326; 209 NW2d 456 (1973), *Curry v Detroit,* 49

---

[1] MCLA 691.1407; MSA 3.996(107) reads as follows:

"Except as in this act otherwise provided, all governmental agencies shall be immune from tort liability in all cases wherein the governmental agency is engaged in the exercise or discharge of a governmental function. Except as otherwise provided herein, this act shall not be construed as modifying or restricting the immunity of the state from tort liability as it existed heretofore, which immunity is affirmed."

Mich App 240; 211 NW2d 559 (1973), *Pittman v City of Taylor,* Court of Appeals order No. 14881; and *Pichette v Manistique Public Schools,* 50 Mich App 770; 213 NW2d 784 (1973), with leave held in abeyance pending the outcome of *Curry, supra,* and *Pittman, supra.* See *Pichette v Manistique Public Schools,* Supreme Court No. 55472, order 3/27/74.

Until we have further word from the Supreme Court concerning this matter, we are constrained to follow precedent and rule that the governmental immunity statute is constitutional.

Plaintiffs have discussed in issue IX the fact that in the case of *Lykins v Peoples Community Hospital,* 355 F Supp 52 (ED Mich, 1973),[2] it was the rule that the operation of a municipally owned hospital providing medical service to the public for a fee is a proprietary function as opposed to a governmental function. Judge John Feikens of the United States District Court, Eastern District, Southern Division of Michigan, stated in his opinion:

"This Court is of the opinion that to follow the pre-*Williams* case law and to define 'governmental function' to include the operation of a public hospital might raise a constitutional problem. There appears no rational basis to distinguish liability for services delivered by a public hospital and liability for the same services when provided by a private or charitable hospital. *Cf. Parker v Port Huron Hospital,* 361 Mich 1; 105 NW2d 1 (1960). If, for example, in a given situation a person is taken to a hospital for treatment and actionable negligence occurs, the success of a subsequent cause of action against that hospital might well turn on whether the hospital

[2] Judge Feikens' holding in that case was specifically rejected by a panel of our Court in *Snow v Freeman,* 55 Mich App 84; 222 NW2d 43 (1974), which involved the Peoples Community Hospital Authority which operated both Beyer Hospital in the *Lykins* case and Outer Drive Hospital in the *Snow* case.

was public or private. Such a result would place a particular burden on those who are served by public hospitals. Thus, if 'governmental function' is interpreted to include public hospital services, the Legislature may have established a classification which might not pass constitutional muster.

"This Court must follow 'the rule that a statute should be interpreted, if fairly possible, in such a way as to *free it from not insubstantial constitutional doubts.' Lynch v Overholser,* 369 US 705, 710–711; 82 S Ct 1063, 1067; 8 L Ed 2d 211, 215–216 (1962). By defining the phrase 'governmental functions' to exclude the day-to-day operations of a public hospital this Court not only respects the plain meaning of the phrase but avoids a possible constitutional problem.

"Therefore, as a matter of law this Court holds that defendants PCHA and its operating unit, Beyer Memorial Hospital, may not urge governmental immunity as a defense in this case."

Also see numerous cases cited in said decision.

This brings us to a very important issue of whether the City of Dearborn, when operating its park and charging a fee therefor, is acting in a proprietary function. This issue has not been briefed in this appeal except as stated herein. We now turn to the complaint of plaintiffs in the trial court and find the following:

"2. That the defendant herein, CITY OF DEARBORN, is a municipal corporation, existing under and by virtue of the laws and statutes of the State of Michigan and that, at all times pertinent herein, and insofar as is herein relevant, the said defendant was engaged in the proprietary function of owning and operating a recreational facility known as Camp Dearborn, located in the County of Wayne, State of Michigan.

"3. That the defendant herein, CITY OF DEARBORN, a municipal corporation, did invite the general public, including your plaintiff minor to enter the afore-

said Camp Dearborn recreational facility and did hold themselves out as conducting a place of business thereat that was safe and proper and where no harm would come to the general public, in particular your plaintiff minor as a result of defects and dangers contained therein."

The defendant answered as follows:

"2. Answering Paragraph Two, defendant admits its municipal corporation status, but further denies that it was engaged in a proprietary function as alleged, for the reason that it is untrue and, therefore, leaves plaintiffs to their proofs.

"3. Answering Paragraph Three, defendant admits operating a recreational facility by the name of Camp Dearborn, but denies that it operates a business as stated and denies that there were any defects or dangers within said recreational facility for the reason that is untrue and therefore, leaves plaintiffs to their proofs; as to the remaining allegations, contained in said paragraph, defendant neither admits nor denies same, not having sufficient information upon which to form a belief and therefore leaves plaintiffs to their proofs."

Defendant attached an affidavit to the motion for accelerated judgment stating in effect that in operating the park no profits had been realized. MCLA 691.1413; MSA 3.996(113), reads:

"The immunity of the state shall not apply to actions to recover for bodily injury or property damage arising out of the performance of a proprietary function as herein defined. Proprietary function shall mean any activity which is conducted primarily for the purpose of producing a pecuniary profit for the state, excluding, however, any activity normally supported by taxes or fees. No action shall be brought against the state for injury or property damage arising out of the operation of proprietary function, except for injury or loss suf-

fered on or after July 1, 1965." 1964 PA 170, § 13, Eff. July 1, 1965.

The fact that the city had not as yet experienced a profit in operating the park does not of itself control for the statute says "[p]roprietary function shall mean any activity which is conducted primarily for the purpose of producing a pecuniary profit". We can certainly take the position that obviously all businesses conducted for profit are not always profitable. The issue was joined in the pleadings—plaintiffs claimed that the city was engaged in a proprietary function and defendant denied same and left plaintiffs to their proofs. The affidavit of the defendant is not conclusive on the subject issue. The procedure under GCR 1963, 116.1(2), "the court lacks jurisdiction of the subject matter", is governed by GCR 1963, 116.3 wherein it is stated:

"As to defenses and objections based upon (1), (2), (3), or (4) in sub-rule 116.1, the court may *order immediate trial* of any disputed questions of fact, and judgment may be rendered forthwith if the proof shows that the moving party is entitled to judgment upon the facts as determined; or the *court may postpone the hearing on the matter until the trial on the merits."* (Emphasis supplied.)

We rule that there was an issue of fact presented to the court, *viz.* was the city in operating the park conducting a proprietary function. In 1 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 324, commenting on GCR 1963, 116.3, it is stated:

"Sub-rule 116.3 provides for the hearing of the motion. As in present practice the moving party must supply affidavits if the defect complained of does not

appear on the face of his opponent's pleading. Furthermore, sub-rule 116.3 is like the present rule in that it gives the court discretion to determine any disputed issues of fact by means of a trial at the hearing stage. If a right to jury is involved and demanded, the court must postpone the hearing until the trial. Of course, the court may postpone the hearing until the trial on the merits even when jury issues are not involved and should do so unless the affidavit hearing or immediate trial would be likely to conclude the action or a substantial part thereof."

In the instant case, the trial court did not order an immediate trial of the disputed question of fact, nor could it have, since plaintiffs had demanded a jury trial in their complaint. Defendant joined in his motion for accelerated judgment a reference to GCR 1963, 117.2(1), "the opposing party has failed to state a claim upon which relief can be granted". We do not look with favor upon hybrid motions. *Hobbs v State Highway Department,* 58 Mich App 189, 190; 227 NW2d 286 (1975), fn 1, wherein it is stated:

"We here expressly disapprove of the practice of filing a hybrid motion labeled 'summary and/or accelerated judgment'. The court rules are detailed and explicit in setting forth the various grounds for both breeds of pretrial motions. The one filed here, asserting lack of subject matter jurisdiction as a bar, is clearly a motion for accelerated judgment pursuant to GCR 1963, 116.1(2)."

In any event, under the facts in this case neither GCR 1963, 116.1(2) nor GCR 1963, 117.2(1) are tenable. This ruling requires a reversal and remand to the trial court for further proceedings in accord with this opinion.

Plaintiffs raise in their last issue whether the water pump which was permanently affixed to the

land was a building. MCLA 691.1406; MSA 3.996(106), reads in part:

"Governmental agencies have the obligation to repair and maintain public buildings under their control when open for use by members of the public. Governmental agencies are liable for bodily injury and property damage resulting from a dangerous or defective condition of a public building."

Plaintiffs cite the case of *Green v Department of Corrections,* 30 Mich App 648; 186 NW2d 792 (1971), *aff'd,* 386 Mich 459; 129 NW2d 491 (1971), in support of their position. The *Green* case is not applicable to the facts in this case. Plaintiffs may prevail under a similar assertion of fact, should the Supreme Court approve of this writer's dissenting opinion in *Pichette, supra.* The majority opinion in *Pichette* was to the contrary.[3]

Reversed and remanded for further proceedings in accord with this opinion. Costs to plaintiffs.

---

[3] The Supreme Court has considered the application for leave to appeal, but has held it in abeyance pending determination of other cases on the issue of governmental immunity.