ZAWADZKI v TAYLOR

1. MOTIONS—COURT RULES—ACCELERATED JUDGMENT—GOVERNMEN-
   TAL IMMUNITY.
   A motion for accelerated judgment based on governmental immu-
   nity is a "disability of the moving party", under court rule
   (GCR 1963, 116.1[5]).

2. TORTS—GOVERNMENTAL IMMUNITY—PUBLIC BUILDINGS—EXCEPTION.
   Governmental agencies are generally immune from tort liability
   when engaged in a governmental function; however, govern-
   mental agencies are liable for bodily injury and property dam-
   age resulting from a dangerous or defective condition of a
   public building under their control (MCLA 691.1406, 691.1407;
   MSA 3.996[106], 3.996[107]).

3. TORTS—GOVERNMENTAL IMMUNITY—PUBLIC BUILDINGS—REPAIR
   AND MAINTENANCE—STRUCTURAL PARTS—STATUTES.
   A statute obligating governmental agencies to repair and main-
   tain public buildings under their control refers to repair and
   maintenance of something that either was or should have been
   a structural part of the building (MCLA 691.1406; MSA
   3.996[106]).

4. TORTS—GOVERNMENTAL IMMUNITY—PUBLIC BUILDING EXCEPTION—
   SCHOOLS AND SCHOOL DISTRICTS—SAFETY DEVICES—TENNIS
   COURTS—GYMNASIUM.
   The absence of nets or other safety devices between tennis courts
   in a school gymnasium is not a "dangerous or defective condi-
   tion of a public building", under the public building exception
   to governmental immunity, where (1) the missing equipment is
   not and never would be a permanent part of the building, and
   (2) the danger arises from activities or operations conducted
   within the building rather than from a condition of the build-
   ing itself.

REFERENCES FOR POINTS IN HEADNOTES
[1–4] 20 Am Jur 2d, Courts § 152; 35 Am Jur 2d, Federal Torts Claims
   Act §§ 14, 96, 97.
Immunity from liability for damages in tort of state or governmen-
   tal unit or agency in operating hospital. 25 ALR2d 248.

Appeal from Washtenaw, Ross W. Campbell, J. Submitted June 3, 1976, at Lansing. (Docket No. 25883.) Decided August 5, 1976. Leave to appeal applied for.

Complaint by David M. Zawadzki against Michael Taylor and Lincoln Consolidated School System for damages for injuries received in a physical education class. Accelerated judgment for defendant school system. Plaintiff appeals. Affirmed.

*Conlin, O'Hagan, Henry, Hurbis & Graf,* for plaintiff.

*Kerr, Wattles & Russell* (by *Donald C. Morgan),* for Lincoln Consolidated School System.

Before: ALLEN, P. J., and D. E. HOLBROOK, JR., and E. H. PAPP,* JJ.

ALLEN, P. J. The plaintiff suffered serious eye injuries when he was struck by an errantly aimed tennis ball during a physical education class at a school operated by the defendant school district. The trial court found that the defendant school district was protected against tort liability by the state's governmental immunity. *Williams v Detroit,* 364 Mich 231; 111 NW2d 1 (1961); MCLA 691.1407; MSA 3.996(107). This is an appeal from an accelerated judgment granted on the defendant school district's motion. GCR 1963, 116.[1]

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] The motion was granted under GCR 1963, 116.1(2), on the ground that the defendant school district's governmental immunity deprived the circuit court of subject matter jurisdiction. While several of our cases have accepted such motions without comment—*see e.g., Knapp v Dearborn,* 60 Mich App 18; 230 NW2d 293 (1975)—it should be once again noted that the governmental immunity is a "disability of the moving party", not of the court. Therefore, the motion should have

Plaintiff and defendant Taylor were attending a gymnasium class playing tennis in the gymnasium room when a ball struck by Taylor hit plaintiff in the eye. The gymnasium room was laid out to provide two immediately adjacent tennis courts on one of which plaintiff was playing and on the other of which defendant Taylor was playing. Count II of plaintiff's complaint alleges that defendant school system negligently failed "to incorporate as part of the design or maintenance" of the gymnasium room "sufficient nets or other safety devices between tennis courts to prevent tennis balls from crossing from one tennis court into an adjacent tennis court". Student Taylor, though a defendant in this case, is not a party to the present appeal since that aspect of the litigation is unaffected by the governmental immunity question.

MCLA 691.1407; MSA 3.996(107), makes a general grant of immunity from tort liability for "governmental agencies * * * engaged in the exercise or discharge of a governmental function". Both parties agree that the quoted language covers the parties and activities involved in the present case. However, the statute also recognizes the existence of several statutory exceptions. The plaintiff argues that the "public building" exception is applicable here. MCLA 691.1406; MSA 3.996(106).[2] The plaintiff alleged that a "dangerous

been made under subsection 5 of GCR 1963, 116.1, not subsection 2. *Buddy v Department of Natural Resources,* 59 Mich App 598; 229 NW2d 865 (1975). In the present case, we will ignore the technical procedural error in order to reach the more important issue raised by this appeal.

[2] "Governmental agencies have the obligation to repair and maintain public buildings under their control when open for use by members of the public. Governmental agencies are liable for bodily injury and property damage resulting from a dangerous or defective condition of a public building if the governmental agency had actual or constructive knowledge of the defect and, for a reasonable time

or defective condition" existed in the defendant's gymnasium because of the absence of safety nets separating the two tennis courts. It is apparently conceded that such nets would have prevented the plaintiff's injury.

In his written opinion granting the defendant school district's motion for accelerated judgment, the trial judge found that the public building exception was not applicable in the present case. He reasoned that, while the accident occurred within a building, there was no allegation that it had been caused by any existing part of the building or permanently attached fixture. The trial judge relied upon *Pichette v Manistique Public Schools, infra,* fn 3, and *Cody v Southfield-Lathrup School Dist, infra.* Subsequent to the grant of accelerated judgment in this case, this Court's opinion in *Lockaby v Wayne County, infra,* was released.

The first opportunity for interpretation of the building exception came in *Smith v Clintondale School Dist,* 14 Mich App 153; 165 NW2d 332 (1968). The plaintiff in that case was struck by the door of a commode stall in a school restroom. The cause of the injury was said to have been the removal of the latching mechanism from the door. This Court held that the complaint alleged a "dangerous or defective condition of a public building" within the meaning of MCLA 691.1406; MSA 3.996(106). Note that, as in the present case, the "defect" in *Smith* might be classified as the absence of a safety device. In fairness, however, it should also be noted that *Smith* could be distinguished on the basis that the alleged negligence there was the removal of an original equipment

---

after acquiring knowledge, failed to remedy the condition or to take action reasonably necessary to protect the public against the condition * * * ".

safety device whereas the present defendant is
said to have acted negligently by failing to install
a safety device (nets) in the first place.

The next important decision was *Cody v South-
field-Lathrup School Dist,* 25 Mich App 33; 181
NW2d 81 (1970).[3] The plaintiff in *Cody* was injured
when she fell from a trampoline while performing
an exercise during her physical education class.
This Court rejected her argument that the build-
ing exception was applicable. Her complaint had
alleged only the personal negligence of her teacher
and other school officials. Absent at least an alle-
gation that the trampoline was improperly manu-
factured or maintained, this Court held that the
building exception could not be applied merely
because the injury occurred inside a public build-
ing, *i.e.,* an allegation of mere "personal" negli-
gence will not suffice unless the alleged negligence
is the creation or toleration of a "dangerous or
defective condition". There is no indication that
the plaintiff in *Cody* ever suggested that safety
devices should have been installed around the
trampoline.

In *Green v Department of Corrections,* 386 Mich
459; 192 NW2d 491 (1971), the plaintiff, a prisoner
in the Detroit House of Correction, lost a finger
while working on a planing machine in the prison
shop. All parties apparently conceded that the
machine was defective. The principal issue on
appeal was whether a permanently installed ma-

---

[3] Several other cases have interpreted MCLA 691.1406; MSA
3.996(106), in factual situations which are clearly distinguishable from
the present case. *Jackson v Detroit Board of Education,* 18 Mich App
73; 170 NW2d 489 (1969), might be termed a "traditional" application
of the building exception since the injury in that case was caused by a
malfunction in a permanently installed piece of equipment. *Pichette v
Manistique Public Schools,* 50 Mich App 770; 213 NW2d 784 (1973),
and *Knapp v Dearborn, supra,* both involved defects in equipment
which was located outdoors, rather than inside a building.

chine becomes a part of the building for purposes of the statutory building exception. Both this Court and the Supreme Court answered that question affirmatively. Neither court commented on the nature of the alleged dangerous or defective condition in the machine-building. For present purposes, it is significant to note that the machine was defective because it "was without the proper protective shield and safety switch". *Green v Department of Corrections,* 30 Mich App 648, 651; 186 NW2d 792 (1971).

The controlling question in the present case is whether the *absence* of a safety device can be a "dangerous or defective condition" within the meaning of the statute. Although neither case recognized that question, both *Smith v Clintondale School Dist, supra,* (absence of a door-latching mechanism) and *Green v Department of Corrections, supra,* (absence of a machine safety guard) implicitly answered the question affirmatively. However, in each case, the missing equipment was or had become a structural part of the building itself. In the instant case the missing equipment (nets) is not and never would be a permanent part of the building. This distinction is important by reason of the wording of the statutory exception.

"Governmental agencies have the obligation *to repair and maintain public buildings* under their control when open for use by members of the public. Governmental agencies are liable for bodily injury and property damage *resulting from a dangerous or defective condition of a public building* if the governmental agency had actual or constructive knowledge of the defect and, for a reasonable time after acquiring knowledge, failed to remedy the condition or to take action reasonably necessary to protect the public against the condition. Knowledge of the dangerous and defective condition of the public building and time to repair the same shall be conclusively presumed when such defect existed so as to

be readily apparent to an ordinary observant person for a period of 90 days or longer before the injury took place * * * ". (Emphasis supplied.)

The thrust of the statute is to impose an obligation to "repair and maintain public buildings", *viz.:* to repair and maintain something that either was or should have been a structural part of the building. We do not construe the statute as referring to repair or maintenance of a piece of equipment which was not present in the first instance and which could not reasonably be considered to be part of the building. We hold that a complaint alleging a "dangerous or defective condition" resulting from the failure to provide an item of equipment,[4] does not fall within the "public building exception" unless the danger causing the injury resulted from a condition of the building itself rather than resulting from the activities or operations conducted within the building. To hold otherwise would expand the "building" exception into an operation or activities exception. See *Lockaby v Wayne County,* 63 Mich App 185, 234 NW2d 444 (1975).[5]

---

[4] Examples of "failure to provide" which would fall within the statutory exception would be the failure to provide a handrail on a stairway, a door on an elevator, a locking device on a window. Further, the failure to provide must refer to something inanimate. For example, an allegation that the plaintiff's teacher should have stationed himself between the tennis courts in order to deflect inaccurate shots would not survive a proper motion for accelerated judgment by defendant school district.

[5] In *Lockaby,* the plaintiff, a mentally disturbed prisoner, apparently injured himself by running into a wall. In his suit against the county, he sought to invoke the building exception by alleging that the county was negligent by failing to provide a padded cell for his confinement. The majority in *Lockaby* held that the statutory exception was inapplicable because "cell padding has not been shown to be more a part of the building than the 'mini-trampoline' which was held in *Cody v Southfield-Lathrup School District [supra]* * * * not to come within this exception". 63 Mich App at 189. Stated another way,

Affirmed. No costs, a public question being involved.

the majority appeared to be holding that unless the omitted item was or should be "a part of the building" then the statutory exception would not apply. Dissenting Judge N. J. KAUFMAN disagreed. He reasoned that by alleging that protective padding should have been installed, the plaintiff had made a sufficient allegation of a "dangerous condition" to avoid accelerated judgment on governmental immunity grounds. Actually, *Lockaby* was a stronger case for plaintiff than the instant case. There, the item which was omitted (padding) would have been a part of the building (walls). In the instant case the item omitted was something completely detached from the structure and would not be a permanent part of the gym room.