SPIKLEVITZ v THE MARKMIL CORPORATION

Docket No. 70903. Submitted March 12, 1984, at Lansing.—Decided
August 7, 1984.

Plaintiff, Stuart I. Spiklevitz, loaned money to Vincent P. and
Geraldine B. Heron, who executed a note promising to pay
plaintiff by January 15, 1975. On April 1, 1980, the Herons sold
their business to defendants, The Markmil Corporation, Max
Markovitz, Sol Milan, and Alan Markovitz, who agreed to
assume the obligations of the Herons, including the still unpaid
balance of the loan from plaintiff. Plaintiff brought an action in
district court on June 21, 1981, to recover the amount remain-
ing on the promissory note. The district court held that plain-
tiff acquired no additional rights as a result of the agreement
between defendants and the Herons, that the assumption of
debts did not relieve the Herons of their obligation, and that
the statute of limitations defense of the original obligor (the
Herons) was available to any subsequent assignees of the note.
Plaintiff appealed to the Oakland Circuit Court, which affirmed,
Hilda R. Gage, J. Plaintiff appealed by leave granted. *Held:*

1. When one assumes and agrees to pay another's debt, which
is past due but not barred by limitations at the time of the
promise, the period of limitation as between the promisor and
the creditor runs only from the date of the new undertaking.
The agreement to assume and pay the obligation acts as a
waiver of so much of the period of limitation as had already
run on the original indebtedness. Thus, plaintiff's claim against
the defendants was not barred by operation of the statute of
limitations.

2. Plaintiff was a third-party beneficiary of the agreement

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 17 Am Jur 2d, Contracts § 134.
  51 Am Jur 2d, Limitation of Actions § 131.
  Necessity and sufficiency in order to toll statute of limitations as to
    debt, of statement of amount of debt in acknowledgment or new
    promise to pay. 21 ALR4th 1121.
[2, 3] 51 Am Jur 2d, Limitation of Actions § 99.
[4] 17 Am Jur 2d, Contracts §§ 308, 309.

between defendants and the Herons and may enforce the defendants' promise to pay the Herons' debt to him.

Reversed and remanded to the district court.

1. CONTRACTS — LIMITATION OF ACTIONS — ASSUMPTION OF DEBTS.

It is a well-settled rule that when one assumes and agrees to pay another's debt, which is past due but not barred by limitations at the time of the promise, the period of limitation as between the promisor and the creditor runs only from the date of the new undertaking, not from the original date of maturity of the debt; the new agreement to assume and pay the obligation acts as a waiver of so much of the period of limitation as had already run on the original indebtedness prior to the new promise to pay.

2. CONTRACTS — PROMISE FOR BENEFIT OF THIRD PERSON — ENFORCEMENT OF PROMISE.

Any person for whose benefit a promise is made by way of contract has the same right to enforce the promise that he would have had if the promise had been made directly to him as the promisee (MCL 600.1405; MSA 27A.1405).

3. CONTRACTS — PROMISE FOR BENEFIT OF THIRD PERSON.

A promise is construed to have been made for the benefit of a person whenever the promisor has undertaken to give or to do or refrain from doing something directly to or for that person (MCL 600.1405[1]; MSA 27A.1405[1]).

4. CONTRACTS — ASSUMPTION OF DEBTS — CREDITOR BENEFICIARIES.

Where one sells his business or other property and the buyer undertakes to pay the seller's debts, those to be paid are creditor beneficiaries and actions by them lie against the buyer on his promise.

*Kramer, Mellen, Wagner & Ishbia, P.C.* (by *Ben T. Liu*), for plaintiff.

*Paige, Carlin & Ranno* (by *Carl P. Ranno*), for defendants.

Before: SHEPHERD, P.J., and ALLEN and A. E. KEYES,* JJ.

* Circuit judge, sitting on the Court of Appeals by assignment.

PER CURIAM. Plaintiff appeals by leave granted from a circuit court order affirming a summary judgment (which should have been designated an accelerated judgment) in favor of defendants. The district court judge ruled that plaintiff's claim was barred by the statute of limitations.

In 1974, plaintiff loaned money to Vincent P. and Geraldine B. Heron. The Herons executed a note on July 5, 1974, promising to pay plaintiff the sum of $4,800 by January 15, 1975. On April 1, 1980, the Herons sold their business to defendants. At that time, $3,510 remained unpaid on the note to plaintiff. Defendants executed an "Assumption of Obligation" which stated in part:

"The undersigned, for and in consideration and part of the purchase price of the building, business and interest in a Class C license known as Vince's Lounge located at 141 W. Eight Mile Road, Detroit, Michigan, do hereby agree and assume to pay, the obligations listed on Exhibit A which is attached hereto and made a part hereof and hold Vincent P. Heron, the seller herein, harmless from these obligations and, further, agree to indemnify said Vincent P. Heron in the event he is ever held liable for said obligations in any lawsuit or garnishment thereon. The undersigned further agrees to indemnify said Vincent P. Heron for any expenses of attorney fees or costs of litigation relative to these obligations as listed on Exhibit A."

Plaintiff was listed as a creditor in the amount of $3,510.07 in Exhibit A attached to the document in question.

On June 21, 1981, plaintiff commenced a district court action to recover from defendants the amount remaining due on the promissory note. Defendants moved for judgment in their favor, claiming that the statute of limitations had run on the original note executed by the Herons and

denying plaintiff's claim that he was a third-party beneficiary of the contract formed by the assumption of obligations made in connection with defendants' purchase of the Herons' business. The district court initially noted that the underlying basis for plaintiff's claim was the promissory note executed by the Herons. He interpreted the "Assumption of Obligation" as a promise by defendants to pay the party holding the rights to the promissory notes referred to in Exhibit A attached to the document. He held, however, that no additional rights were obtained by the plaintiff against the defendants as a result of the agreement between the defendants and the Herons. He also held that the assumption of debts did not relieve the Herons of their obligation to pay plaintiff. He held that the defense of the statute of limitations belonging to the original obligor on the promissory note was available to any subsequent assignees of the note.

Plaintiff appealed to circuit court. That court held that the "Assumption of Obligation" was an assignment since actions against the original obligor were not precluded. The circuit court judge held that it was not the intent of the contracting parties that appellant be the third-party beneficiary of that assignment. Because the rights and duties of the contracting parties were unaltered, defendants were allowed to assert the same defenses to the action as was their assignor. Since an action against the Herons could have been barred by the assertion of the statute of limitations, the same claim could be barred against defendants.

On appeal, plaintiff claims that the circuit judge erred by concluding that he was not a third-party beneficiary of the "Assumption of Obligation" entered into by defendants and the Herons. We agree, and reverse.

The rule is well settled that when one assumes and agrees to pay another's debt, which is past due but not barred by limitations at the time of the promise, the period of limitation (as between the promisor and the creditor) runs only from the date of the new undertaking, and not from the original date of maturity of the debt. *Anderson v Calaveras Central Mining Corp,* 13 Cal App 2d 338, 345; 57 P2d 560 (1936). In effect, the rule treats the new agreement to assume and pay the obligation as a waiver of so much of the period of limitation as had already run on the original indebtedness prior to the new promise to pay the debt according to the terms of the subsequent contract. *Anderson, supra,* p 345. Where a person makes an agreement to pay off another's obligation, it creates a new and separate obligation; a right of action on this obligation accrues only from the date on which the new obligation becomes overdue. See *Clinton v Clinton's Estate,* 148 Mich 496, 499; 111 NW 1087 (1907); *Pitzer v Wedel,* 73 Cal App 2d 86; 165 P2d 971 (1946); *Lincoln National Life Ins Co v McKenney,* 227 Iowa 727; 289 NW 4 (1939); *Nutter v Mroczka,* 303 Mass 343; 21 NE2d 979 (1939); *Johnson v Freberg,* 207 Minn 61; 289 NW 835 (1940); *Miller v Cree,* 157 SW2d 985 (Tex Civ App, 1941); *Enos v Anderson,* 40 Colo 395; 93 P 475 (1907); *Hendricks v Brooks,* 80 Kan 1; 101 P 622 (1909); *Kuhl v Chicago & N W R Co,* 101 Wis 42; 77 NW 155 (1898); *Gray Lithograph Co v American Watchman's Time Detector Co,* 44 Misc 206; 88 NYS 857 (1904); *In re H L Herbert & Co,* 262 F 682 (CA 2, 1919). See also 4 Corbin, Contracts, § 820, pp 278-279; Williston, Contracts (3d ed), § 398, pp 1076-1077; Restatement Contracts 2d, § 309, p 458, § 302, Comment b, Illustration 1, p 441.

Defendants can prevail only if plaintiff was not an intended beneficiary of the contract embodied in the "Assumption of Obligation" entered into between defendants and the Herons.

By statute, any person for whose benefit a promise is made by way of contract has the same right to enforce the promise that he would have had if the promise had been made directly to him as the promisee. MCL 600.1405; MSA 27A.1405. A promise is construed to have been made for the benefit of a person whenever the promisor has undertaken to give or to do or refrain from doing something directly to or for said person. MCL 600.1405(1); MSA 27A.1405(1).

Plaintiff is not an atypical third-party beneficiary. Instead, this is the "normal creditor beneficiary type of case where the promise is to pay the promisee's own debt to his creditor, the beneficiary". 2 Williston, Contracts, § 356, p 830; see also 4 Corbin, Contracts, § 776, p 18. Where one sells his business or other property and the buyer undertakes to pay the seller's debts, those to be paid are creditor beneficiaries and actions by them lie against the buyer on his promise. 4 Corbin, supra, § 788, pp 108-109.

Defendants' argument that plaintiff acquired no additional rights as a result of their assumption of the obligations of the Herons begs the question. Plaintiff acquired new and additional security if he can enforce defendants' promise to pay the Herons' debt to him. See 4 Corbin, Contracts, § 792, p 132. To ask if plaintiff acquired additional rights as a result of the assumption of the Herons' debts is to ask whether plaintiff is a third-party beneficiary of the contract between defendants and the Herons. A person's status as a third-party beneficiary of a contract cannot be determined initially

by asking whether he receives additional benefit from the contract. If he is not a beneficiary of it, he does not; if he is, he does.

Under Michigan law, plaintiff was a third-party beneficiary of the contract between defendants and the Herons. The period of limitation on that contract began to run on the date of its execution, April 1, 1980.

Reversed and remanded to the district court. Costs to appellant.