DAGEN v VILLAGE OF BALDWIN

Docket No. 83507. Submitted February 12, 1986, at Grand Rapids. Decided April 22, 1987.

Richard Dagen, while a welfare recipient, was assigned by the Department of Social Services to work for the Village of Baldwin as part of the Community Work Experience Program. Dagen was put to work by the village shingling the roof of a building owned and maintained by the village and used to store maintenance equipment. During the course of the shingling job, Dagen fell from the roof of the building and sustained injuries. Richard Dagen and his wife, Charlene Dagen, brought in Lake Circuit Court an action for damages against the village and Theodore Gregg, a worker with the Department of Social Services, alleging in a tort count that the injuries arose out of the failure to provide certain safety equipment at the roof-top job site and, in a later added contract count, alleging that the injuries were the result of the injured plaintiff's being placed in a dangerous workplace without adequate training, that the village by contract with the DSS promised not to assign any Community Work Experience workers in jobs that entailed a significant degree of risk to life or health and to provide adequate training, that plaintiffs were third-party beneficiaries of that contract, and that the village breached the contract. Defendant village moved for summary judgment on the basis of the exclusive remedy provision of the Workers' Disability Compensation Act and governmental immunity. The trial court, Richard I. Cooper, J., granted the motion on the basis of the exclusive remedy provision. Plaintiff appealed.

The Court of Appeals held:

REFERENCES

Am Jur 2d, Municipal, School, and State Tort Liability §§ 145, 150 et seq.

Am Jur 2d, States, Territories, and Dependencies §§ 99-125.

Am Jur 2d, Workmen's Compensation §§ 50, 51, 341, 364, 365.

Comment Note.—Municipal immunity from liabilty for torts. 60 ALR2d 1198.

State's immunity from tort liability as dependent on governmental or proprietary nature of function. 40 ALR2d 927.

See also the annotations in the Index to Annotations under Governmental Immunity or Privilege.

1. Since plaintiffs alleged no defect in the building itself but rather only the lack of specialized safety equipment during the roofing job, the public building exception to the general statutory grant of immunity is inapplicable. Further, since the building was not a place used by the general public, the building was not a public building within the public building exception to the general statutory grant of immunity. Accordingly, plaintiffs failed to state a tort claim in avoidance of governmental immunity.

2. The breach of contract count is not subject to the defense of governmental immunity, nor is it precluded by the exclusive remedy provision of the Workers' Disability Compensation Act. Plaintiffs are third-party beneficiaries of the contract between the Department of Social Services and the village. Accordingly, plaintiffs stated a claim upon which relief could be granted and the trial court erred in granting summary judgment on the breach of contract count.

Affirmed in part and reversed in part.

SHEPHERD, J., concurred in the result and reasoning of the majority except he would hold that the building in question is a public building within the meaning of the statute and would base the holding that the dismissal of the tort claim was proper solely on the fact that no defect to the building itself was alleged.

1. GOVERNMENTAL IMMUNITY — PUBLIC BUILDINGS — REPAIR AND MAINTENANCE OF PUBLIC BUILDING.

The public building exception to the general statutory grant of governmental immunity from liability for injuries arising out of the negligence of a governmental unit imposes on the governmental unit an obligation to repair and maintain structural parts of public buildings; a complaint alleging a dangerous or defective condition of a public building resulting from the failure to provide an item of equipment does not fall within the public building exception (MCL 691.1406; MSA 3.996[106]).

2. GOVERNMENTAL IMMUNITY — PUBLIC BUILDINGS — DEFECTIVE BUILDINGS.

The failure to provide safety equipment during the shingling of the roof of a building owned and maintained by a village is not a defective condition within the public building exception to the statutory grant of governmental immunity (MCL 691.1406; MSA 3.996[106]).

3. GOVERNMENTAL IMMUNITY — PUBLIC BUILDINGS — USE BY GENERAL PUBLIC — STORAGE BUILDINGS.

A building owned by and maintained by a village and used to

house maintenance equipment and not open or used by the general public is not a public building within the public building exception to the statutory grant of governmental immunity (MCL 691.1406; MSA 3.996[106]).

4. GOVERNMENTAL IMMUNITY — CONTRACTS — ACTIONS.

A governmental agency does not have governmental immunity from actions arising out of contracts to which it is a party (MCL 691.1407; MSA 3.996[107]).

5. WORKERS' COMPENSATION — EXCLUSIVE REMEDY PROVISION — CONTRACTS — ACTIONS — BREACH OF CONTRACT.

The exclusive remedy provision of the Workers' Disability Compensation Act does not preclude the bringing of a claim for damages for breach of contract where the plaintiff alleges that he is the third-party beneficiary of a contract whereby his employer agreed that the employee will not be assigned to perform work which involves a significant degree of risk to life or health and will give proper training and instruction, that there was a breach of those contractual conditions, and that as a result of that breach plaintiff was injured (MCL 418.301; MSA 17.237[301]).

*Libner, VanLeuvan & Kortering, P.C.* (by *John A. Braden*), for plaintiffs.

*Cholette, Perkins & Buchanan* (by *Kenneth L. Block*), for defendants.

Before: D. E. HOLBROOK, JR., P.J., and SHEPHERD and D. A. ROBERSON,* JJ.

D. E. HOLBROOK, JR., P.J. Richard Dagen (hereinafter plaintiff) and his wife, Charlene Dagen, appeal as of right from the circuit court order granting defendant Village of Baldwin's motion for summary judgment pursuant to GCR 1963, 117.2(1) and (3), now MCR 2.116(C)(8) and (10). We find that plaintiff's recovery under the Workers' Disability Compensation Act is the exclusive remedy for his alleged personal injuries and affirm the

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

order in that regard. However, we find that plaintiff has stated a claim for breach of contract and, therefore, remand for further proceedings on this claim.

On August 24, 1982, plaintiff suffered a permanent knee injury when he fell from the roof of a building owned and maintained by the village. At the time of his injury, plaintiff was a welfare recipient who was required to participate in the Community Work Experience Program (CWEP) sponsored by the Department of Social Services. Under the program plaintiff was sent by the DSS to work for the village. Plaintiff was shingling the roof of a village maintenance building when he fell.

On December 5, 1983, plaintiff and his wife commenced this lawsuit in circuit court against the village and Theodore Gregg, the training program worker for the county DSS. Plaintiffs' complaint alleged that defendants were negligent in failing to provide adequate safety equipment or training, providing negligent supervision, allowing the roof to deteriorate to an unsafe condition, providing untrained personnel, and failing to use proper care and caution.

On October 9, 1984, the village filed a motion for summary judgment pursuant to GCR 1963, 117.2(1) and (3), contending that plaintiff's claim was barred by the exclusive remedy provision of the WDCA and by the doctrine of governmental immunity. Following a hearing on the motion, the trial court agreed that plaintiff's claim was barred by the exclusive remedy provision of the WDCA. However, the court declined to rule on defendant's governmental immunity defense pending the outcome in *Ross v Consumers Power Co (On Rehearing),* 420 Mich 567; 363 NW2d 641 (1984).

Prior to entry of the order on the motions,

plaintiff moved to amend his complaint to add a count for breach of contract. Thereafter, defendant village was granted summary judgment with respect to this claim as well. The claims against defendant Gregg were also dismissed. Gregg was not represented on appeal.

On appeal plaintiff contends that his claim against the village is not barred by the exclusive remedy provision of the WDCA. We need not decide this claim because, even assuming recovery under the WDCA was not plaintiff's sole remedy, plaintiff's recovery from the village for personal injuries under a tort theory is barred by governmental immunity.

In *Ross, supra,* the Supreme Court held that all governmental agencies are immune from tort liability to the extent that they are engaged in governmental functions. The Court defined "governmental function" as follows:

[A] governmental function is an activity which is expressly or impliedly mandated or authorized by constitution, statute, or other law. When a governmental agency engages in mandated or authorized activities, it is immune from tort liability, unless the activity is proprietary in nature [as defined in MCL 691.1413; MSA 3.996(113)] or falls within one of the other statutory exceptions to the governmental immunity act. [*Ross, supra,* p 620.]

We find that the care and maintenance of public property within the village is a governmental function, since it is expressly mandated by statute. See MCL 67.1; MSA 5.1285. Since the village was engaged in the maintenance of one of its buildings at the time of plaintiff's injury, it is immune from tort liability in this instance.

Although MCL 691.1406; MSA 3.996(106) provides an exception to the general grant of immu-

nity from liability where the injuries arise out of dangerous or defective conditions in public buildings under the governmental agency's control,[1] we do not believe that the public buildings exception is applicable here.

In providing for the exceptions to the general grant of immunity found in § 1407, MCL 691.1407; MSA 3.996(107), the Legislature intended to protect the general public from injury by imposing upon the governmental agencies the duty to maintain safe public places, whether such places are public highways or public buildings. *Bush v Oscoda Area Schools,* 405 Mich 716, 731-732; 275 NW2d 268 (1979). In the instant case, plaintiff was injured when he fell from the roof of the village maintenance building, not as a member of the general public, but as a worker repairing the roof. In *Zawadzki v Taylor,* 70 Mich App 545; 246 NW2d 161 (1976), lv den 399 Mich 875 (1977), a panel of this Court noted that the thrust of the public building statute is to impose an obligation to repair and maintain structural parts of public buildings. A complaint alleging a dangerous or defective condition resulting from the failure to provide equipment does not fall within the exception:

The thrust of the statute is to impose an obliga-

---

[1] Section 1406 provides:

Governmental agencies have the obligation to repair and maintain public buildings under their control when open for use by members of the public. Governmental agencies are liable for bodily injury and property damage resulting from a dangerous or defective condition of a public building if the governmental agency had actual or constructive knowledge of the defect and, for a reasonable time after acquiring knowledge, failed to remedy the condition or to take action reasonably necessary to protect the public against the condition. [See also *Ross, supra,* p 591.]

tion to "repair and maintain public buildings," *viz.:* to repair and maintain something that either was or should have been a structural part of the building. *We do not construe the statute as referring to repair or maintenance of a piece of equipment which was not present in the first instance and which could not reasonably be considered to be part of the building. We hold that a complaint alleging a "dangerous or defective condition" resulting from the failure to provide an item of equipment, does not fall within the "public building exception"* unless the danger causing the injury resulted from a condition of the building itself rather than resulting from the activities or operations conducted within the building. To hold otherwise would expand the "building" exception into an operation or activities exception. See *Lockaby v Wayne County,* 63 Mich App 185; 234 NW2d 444 (1975). [*Zawadzki, supra,* p 551. Emphasis supplied.]

In this case, plaintiff claims that the public building exception is applicable because defendant village failed to provide safety equipment, i.e., roof jacks, while the roof was being used as a work place. The equipment would not have been a structural part of the building installed for purposes of insuring the safety of the general public. Further, the danger which caused plaintiff's injury was the result of activities or operations on the building rather than a result of the condition of the building itself. Hence defendant's failure to provide such safety equipment does not fall within the defective building exception.

The question of whether a part of a building is dangerous or defective is to be determined in light of the "uses or activities" for which the building is specifically assigned. *Bush, supra,* p 731. Apart from the repair work, the roof was serving as a cover for a public building which housed mainte-

nance equipment. The building was not a place used by the general public and, hence, was not a public building within the meaning of the statute. Consequently, we conclude that plaintiff has failed to state a claim in avoidance of governmental immunity.

Although *Ross, supra,* had not been decided prior to the hearing on defendant's motion for summary judgment, it is nevertheless applicable. In *Hyde v University of Michigan Bd of Regents,* 426 Mich 223; 393 NW2d 847 (1986), the Supreme Court held that *Ross* was to be given limited retroactive effect. That is, the rules articulated in *Ross* are to be applied to "all cases commenced after the date our opinion was issued (January 22, 1985), and to those cases pending either in trial or appellate courts on that date which properly raised and preserved a governmental immunity issue." *Hyde, supra,* p 241. We find *Ross* applicable here since the instant case was pending in trial court at the time *Ross* was decided.

Although we find that plaintiff's claim for personal injury damages is barred by the doctrine of governmental immunity, our analysis of this case does not end here. Plaintiff's first amended complaint alleged a breach of contract. The trial court dismissed this claim pursuant to defendant's oral motion for summary judgment. We find that the trial court erred.

A governmental agency does not have immunity from actions arising out of contracts to which it is a party:

In *Ross,* the Supreme Court held that "[i]f a plaintiff successfully pleads and establishes a non-tort cause of action, [MCL 691.1507; MSA 3.996(107)] will not bar recovery simply because the underlying facts could have also established a

tort cause of action." *Ross,* pp 647-648. [*Landry v Detroit,* 143 Mich App 16, 21; 371 NW2d 466 (1985), lv gtd 424 Mich 876 (1986). See also *Davidson v Michigan,* 42 Mich App 80, 83; 201 NW2d 296 (1972).]

Furthermore, the exclusive remedy provision of the WDCA does not preclude plaintiff's claim for breach of contract. *Milton v Oakland Co,* 50 Mich App 279, 284; 213 NW2d 250 (1973).

Although plaintiff was not a party to the CWEP contract between the Department of Social Services and defendant, we find that plaintiff has sufficiently pled that he was a third-party beneficiary to the contract. By statute, any person, for whose benefit a promise is made by way of contract, has the same right to enforce the promise that he would have had if the promise had been made directly to him as the promisee. MCL 600.1405; MSA 27A.1405. See also *Spiklevitz v The Markmil Corp,* 136 Mich App 587, 592; 357 NW2d 721 (1984). A promise is construed to have been made for the benefit of a person whenever the promisor has undertaken to give or to do or to refrain from doing something directly to or for said person. MCL 600.1405(1); MSA 27A.1405(1); *Spiklevitz, supra,* p 592.

The contract in the case at hand provides that CWEP participants shall not be assigned to work involving a significant degree of risk to life or health, and shall be provided training and instruction on safety:

3. Working Conditions
A. Work assignments may be made for any work typical of that performed by the agency. However, CWEP participants shall not be assigned to perform work that entails a significant degree of risk to life or health.

\* \* \*

CWEP AGENCY

\* \* \*

2. Training

The CWEP agency must provide orientation and training to include teaching the skills which are required of the job to be performed as well as instruction about safety and proper work attitudes and habits.

We find that the contract at issue may be construed to benefit plaintiff, since the promises made by defendant village upon entering into the agreement clearly and directly benefitted plaintiff's health and safety. Consequently, we conclude that plaintiff is a third-party beneficiary to the contract between the DSS and defendant village. Plaintiff sufficiently alleged a third-party beneficiary theory in his amended complaint:

COUNT III: BREACH OF CONTRACT

\* \* \*

13. In return for the free labor provided by the Lake County Department of Social Services under the CWEP, Defendant Village of Baldwin promised

(a) not to assign CWEP workers to work entailing a significant degree of risk to life or health;

(b) to adequately supervise CWEP workers;

(c) to adequately train CWEP workers so as to do their job properly and safely;

(d) to provide reasonable work conditions; and

(e) to assume liability for personal injuries incurred by CWEP workers while performing their assigned duties.

14. *Said promises were made in contemplation of and for the benefit and protection of, third persons such as plaintiff Richard R. Dagen.*

Hence we find that plaintiff's amended complaint

states a claim upon which relief can be granted and the trial court erred in granting defendant summary judgment on this claim.

Finally, we decline to review plaintiff's contention that by entering into the above contract, defendant village waived its governmental immunity defense by agreeing to assume liability for personal injury while the participants were performing their assigned duties. Plaintiff has failed to state any case law in support of the proposition that governmental immunity may be contractually waived. A party may not leave it to this Court to search for authority to sustain or reject his position. *Butler v DAIIE,* 121 Mich App 727, 737; 329 NW2d 781 (1982). A statement of position without supporting citation is insufficient to bring an issue before this Court. *Butler, supra.* In any event, governmental immunity may be waived only where it is allowed by express statutory enactment or by necessary inference from a statute. *Benson v State Hospital Comm,* 316 Mich 66, 73; 25 NW2d 112 (1946); *The William C Reichenbach Co v Michigan,* 94 Mich App 323, 336; 288 NW2d 622 (1979).

In conclusion, a decision on plaintiff's claim that his recovery under the WDCA is not his exclusive remedy was not rendered because, in any event, recovery from the village for his personal injuries is barred by the doctrine of governmental immunity. However, neither the exclusive remedy provision nor the doctrine of governmental immunity bar plaintiff's claim for breach of a third-party beneficiary contract.

Affirmed in part and reversed in part. Remanded for further proceedings.

D. A. Roberson, J., concurred.

Shepherd, J. *(concurring).* I am satisfied that the

building in question was a public building. However, there was no testimony that the roof itself was defective and consequently I conclude that plaintiff failed to establish a claim in avoidance of governmental immunity. I agree with the balance of the majority opinion.